THE STATE v. MATTHEWS, *Appellant.*

1. **Criminal Practice : JURORS : STATUTE.** The statutory method of summoning, drawing and impaneling jurors, is directory and not mandatory, and if the jurors are qualified to serve as such, and it does not appear that defendant was prejudiced, the judgment will not be reversed at his instance because of irregularity or informality in their selection.

2. ———— : **EVIDENCE.** Where it is sought to contradict a witness by the contents of a writing signed by him he should not be asked as to statements which counsel may suggest are contained in such writing, but the instrument itself should be read in evidence.

3. ———— : ————: A judgment against a defendant will not, however, be reversed for a violation of the foregoing rule, where it does not appear that the defendant was prejudiced thereby.

*Appeal from Washington Circuit Court.*—HON. JAMES D. FOX, Judge.

AFFIRMED.

*Dinning & Byrnes* for appellant.

(1) The judgment should be reversed because the jurors were not properly summoned. (2) The court should have compelled the state to elect on which count it would stand. (3) The judgment should be reversed because of the improper manner in which the witness, Gillam, was cross-examined by the prosecuting attorney.

*B. G. Boone*, Attorney-General, for the state.

(1) The court will only review the matters of exception preserved in the motion for a new trial. *State v. Dunn*, 73 Mo. 586 ; *State v. McCray*, 74 Mo. 303; *State v. Preston*, 77 Mo. 294. (2) It was not improper for the prosecuting attorney to question the witness, Gillam,

on cross-examination, as to what his testimony had been before the grand jury, in this case.  Ros. Crim. Ev. (7 Ed.) sec. 141 ; 1 Greenl. on Ev. (14 Ed.) sec. 462 ; 1 Whar. Law of. Ev. (2 Ed.) sec. 68, and authorities and cases cited ; Best's Ev., sec. 474.  (3) The instructions presented every phase of the case as shown by the evidence. *State v. Moore*, 61 Mo. 276 ; *State v. Branstetter*, 65 Mo. 149 ; *State v. Johnson*, 76 Mo. 127.  (4) Unless defendant was prejudiced, it was immaterial whether the panel from which the trial jury was selected was summoned by the sheriff or not.  This court has repeatedly held statutes in respect to the empaneling of juries in criminal cases directory.  Defendant was not prejudiced through a lack of compliance with the statutory provision, and this court will not interfere.  *State v. Pitts*, 58 Mo. 556 ; *State v. Breen*, 59 Mo. 415 ; *State v. Knight*, 61 Mo. 373 ; *State v. Ward*, 74 Mo. 256.  (5) Not only by our own court, but generally elsewhere, are statutory provisions relating to drawing and summoning juries treated as directory.  Irregularities and informalities in such selecting and summoning, constitute no ground for challenging the array.  If jurors are qualified individually, the defendant is not prejudiced.  Thomp. & Mer. on Juries, sec. 146 ; *Mitchell v. State*, 43 Tex. 517; *Perry v. State*, 9 Wis. 19 ; *Rafe v. State*, 30 Ga. 60 ; *State v. Baldwin*, 2 Hun, 379 ; *Com. v. Walsh*, 124 Mass. 32 ; *State v. Hascall*, 6 N. H. 352 ; *State v. Gut*, 6 Minn. 341.

RAY, J.—The defendant, who is a colored man, was indicted for a felonious assault on one Henry Johnson, a white man, and upon arraignment and plea of not guilty was tried, convicted and sentenced to imprisonment in the state penitentiary for a term of three years.  The difficulty between them arose over a game of cards for a bottle of bitters at the store of one Gillam, in Washington county, Missouri.  Johnson received a number of cuts from a knife, a severe and dangerous one in the ab-

domen, from the effects of which after some months he recovered. There were present at the time, the defendant and said Johnson, and one White and said Gillam. Of these Johnson and White were introduced for the state, and Gillam and the defendant in the defendant's behalf. It is perhaps sufficient for the present to say of the evidence that it was very conflicting, and as it appears in the bill of exceptions, apparently pretty evenly balanced, making the case one for the jury, who are the judges of the credibility of the witnesses and of the value of their testimony, as the same is delivered in their presence. The indictment contains three counts: The first is drawn upon section 1262, Revised Statutes, formerly section 29, General Statutes, and charges a felonious assault with intent to kill on purpose and of malice aforethought with a deadly weapon. The second is drawn upon section 1263, Revised Statutes, formerly section 32, General Statutes, and charges a felonious assault. The third is drawn upon section 1264, Revised Statutes, formerly section 33, General Statutes, and charges a felonious maiming, wounding, etc. At the close of the evidence the defendant moved the court to compel the state to elect on which of said counts it would go to the jury, but this the court refused to do and defendant excepted; but as this exception was not assigned as error and again brought to the attention of the trial court in the motion for new trial, it must, under the rulings of this court, be deemed to have been thereby waived.

We will first consider a question properly and duly preserved, and arising on the record, and which is urged here for a reversal, which is that a part of the panel from which the trial jury was selected were not summoned by the sheriff or other authorized officer, but by one Stone, who was not a deputy, and who, acting at the request of the sheriff, sent him seven men to serve on the jury. Three or four of this seven composed a part of the panel of twenty-four from which the twelve trial jurors

were chosen, and two of the seven were part of the panel of twelve that tried the case. This mode of selecting the jury was irregular, and, as we think, highly objectionable, yet the ruling of this court has uniformly been that the statutory method of summoning, drawing, and empaneling juries is directory, and not mandatory, and that if the jurors are individually qualified, under their examination in that behalf before the court, to serve as jurors, and there is no showing of prejudice to the defendant, a verdict and judgment had, will not be disturbed solely for such irregularity and informality in the mode and method of selecting the jury. *State v. Pitts*, 58 Mo. 556; *State v. Breen*, 59 Mo. 415; *State v. Knight*, 61 Mo. 373; *State v. Ward*, 74 Mo. 256.

A very earnest protest is made by counsel for defendant against what they call the oppressive and "bulldozing" manner of the prosecuting attorney in his cross-examination of the witness, Gillam, but this is matter which cannot well be preserved in the record, and must necessarily be left ordinarily to the cognizance and regulation of the trial courts. But in this connection the defendant also presents his objections and exceptions duly preserved to the action of the trial court, in allowing the state's attorney to cross-examine the witness, Gillam, in regard to the evidence given by the witness before the grand jury. The prosecuting attorney asked the witness if he testified before the grand jury, and, exhibiting a written paper, asked if the signature thereto was that of the witness, and whether the writing thus shown him was his evidence taken in this cause before the grand jury, and whether the same was correctly written down. The witness answered that the signature was his, and that he supposed his evidence before the grand jury was correctly written down and set out in the paper. With this written evidence in his hands and in the presence of the jury, the prosecuting attorney was allowed to ask the witness for the purpose of contradict-

ing and impeaching his evidence just given at the trial, a series of questions as to particular statements made by the witness in his said evidence before the grand jury. The defendant's counsel objected at the time to the questions asked and the evidence offered in this behalf, because the same was illegal and incompetent, and because the state had no right to ask the witness as to the contents of the written paper purporting to be his evidence before the grand jury, and because the paper itself was the best evidence of its contents.

The question, then, is whether it was proper and competent for the purpose of impeaching and contradicting the witness, for the prosecuting attorney to thus select and single out and repeat to the witness such particular sentences and statements as he saw fit, from the evidence before the grand jury and ask the witness if he did not testify to them. The general rule is that if the witness admits the writing to be his, as was done here, he cannot be thus asked as to statements such as counsel may suggest are contained in it, but the writing itself must be read as the only competent evidence of the contents. 2 Greenl. on Ev., sec. 463 ; *Romertz v. Bank*, 49 N. Y. 577; *Prewitt v. Martin, Adm'r*, 59 Mo. 325. But while such is the rule of evidence, in what was the defendant prejudiced by its non-observance in this case? It appeared that Gillam had been examined before the grand jury ; his evidence was in the keeping of the state's attorney, who had not introduced him, and when introduced as a witness by defendant, and thus questioned by the state's attorney, he admitted that the written evidence which the prosecuting attorney then and there held in his hand, was his evidence before the grand jury correctly written down, and denied that he had made statements therein contradictory to those he had made in the presence of the jury, and the prosecuting attorney closed his state's case without reading, or offering to read, the evidence of the witness before the grand jury,

or any part thereof. Could the jury have drawn any conclusion from any or all this unfavorable to the witness, or the defendant in whose behalf he was offered as a witness? Must not the jury have presumed, from the failure of the state's attorney to introduce the writing, that the same, if introduced, would not contradict, impeach, or impair his evidence, but on the contrary would support the same? Besides this, if the defendant was not satisfied that such was the fact, he then had it in his power to verify that presumption by calling for and reading the same to the jury, and having failed to do so, ought not now to be heard to complain.

Failing to see any error materially affecting the merits of the case to the prejudice of the defendant, the judgment of the trial court is affirmed. All concur.