## Chicago & Western Indiana R. R. Co.

### v.

### Frederika Schroeder, Adm'x, etc.

1. Action for injury resulting in death.—At common law no action can be maintained for an injury resulting in death, but the right to maintain such action, where it exists, is purely a matter of statutory creation.

2. Injury occurring in another State.—As the injury resulting in death complained of occurred in Indiana, and no proof was made of the laws of such State, it will be presumed the common law is in force there, and the case decided accordingly.

APPEAL from the Circuit Court of Cook county; the Hon. LORIN C. COLLINS, Judge, presiding. Opinion filed February 17, 1886.

Mr. C. M. OSBORN and Mr. S. A. LYNDE, for appellant; that no right of action was shown by the evidence, cited I. C. R. R. Co. v. Cragin, 71 Ill. 180; Whitford v. Panama R. R. Co., 23 N. Y. 465 ; Beach v. Bay State St. Co., 30 Barb. 433; Hoover v. Penn. Co., 25 O. St. 667; State v. P. & C. R. R. Co., 45 Md. 41.

Messrs. BRANDT & HOFFMANN, for appellee.

BAILEY, P. J. This was an action on the case brought by Frederika Schroeder, administratrix of the estate of Charles Schroeder, deceased, against the Chicago and Western Indiana Railroad Company to recover damages for the death of the plaintiff's intestate, caused, as is alleged, by the negligence of the servants and employes of the defendant. On the trial before the court and a jury, the plaintiff recovered a verdict and judgment for $5,000, and the defendant has appealed to this court.

The fact is clearly established by the evidence that the injury to the plaintiff's intestate of which he died was received in the State of Indiana, and no law of that State authorizing the plaintiff to maintain an action to recover damages for his death was either pleaded or proved at the trial. We are of the opinion that, under these circumstances, the judgment can not be maintained.

At common law no action can be maintained for an injury resulting in death, but the right to maintain such action, where it exists, is purely a matter of statutory creation. Our own statute on that subject is local, and has no force or vigor in the State of Indiana; and unless there is some law in that State giving such right of action, the plaintiff can maintain her suit neither in that State nor this. Whitford v. Panama R. R. Co., 23 N. Y. 465; Hoover v. Pennsylvania Co., 25 Ohio St. 667; State v. Pitts, 45 Md. 41; Ill. Cent. R. R. Co. v. Cragin, 71 Ill. 180; Dennick v. Railroad Co., 103 U. S. 11.

In the absence of proof to the contrary, it will be presumed that the rules of the common law prevail in the State of Indiana, but there is no presumption that the legislature of that State has enacted statutes similar to those in force here. There being then no proof in this case as to the rules of law prevailing in Indiana, the courts of this State can afford the plaintiff only such remedy as the common law gives her.

It is argued that the failure of the defendant to object to the evidence introduced should now be given the force of an admission that the statute of Indiana on this subject is identical with ours, and various decisions are cited where it is held that a failure to object to evidence on the ground of incompetency, where such incompetency, if it had been pointed out, might have been removed, may be held to operate as a waiver of the objection. We are unable to perceive any application to this case of the principle established by those decisions. The objection here is, not to the competency or admissibility of the evidence adduced, but the point made is, that the plaintiff has entirely failed to prove a material part of her case.

Various other questions are discussed by counsel, but the failure of the plaintiff to make the proof above indicated so far disposes of the case on this appeal as to render it unnecessary for us to consider them. The verdict not being sustained by the evidence, the judgment will be reversed and the cause remanded.

Judgment reversed.