Lehmann vs. Farwell and others.

LEHMANN, Appellant, vs. FARWELL and others, interpleaded, Respondents and Appellants.

*January 13 — February 2, 1897.*

*Assignment: Survival of action: Garnishment.*

1. A cause of action for a personal injury through negligence is one which, under ch. 280, Laws of 1887, amending sec. 4253, R. S., survives, being clearly within the meaning of the amendatory clause, "of other damage to the person," and it is therefore assignable before judgment. The assignment, in this case, of a verdict for such an injury by the plaintiff to his wife is sustained to the extent of his actual indebtedness to her.

2. A mere verdict against the defendant in an action for personal injury does not make the liability absolute, which is essential to render it subject to garnishment. To become so liable a judgment is necessary.

APPEALS from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

This is a garnishee action. The facts were largely stipulated, and are as follows: On the 24th day of May, 1893, the main defendant, Hubert Deuster, obtained a verdict for $1,500 against the garnishee defendant, the Milwaukee Street Railway Company, in an action to recover for per-

sonal injuries. Judgment was not entered on said verdict until the 20th day of June following. That judgment was affirmed by this court on appeal in January, 1895; and on the 25th day of May, 1895, the garnishee paid the sum, by depositing the amount thereof in court, amounting at that time to $1,751.51. On the 16th of March, 1893, the plaintiff, *Henrietta Lehmann*, commenced an action for unpaid rent against the defendant Deuster, and, on the 25th of May following, commenced another action for another instalment of unpaid rent. In connection with these two actions the plaintiff commenced garnishee proceedings against the street-railway company, by the service of the necessary papers, on the 25th day of May, 1893, which was the day following the rendition of the verdict in the case of Deuster against the railway company. The garnishee answered, denied liability, and subsequently amended its answer and set forth the judgment. On the 22d day of June, 1893, two days after the rendition of the judgment in the case of Deuster against the railway company, the intervening defendants, *Farwell* and others, composing the firm of Farwell & Co., commenced an action against Deuster for the recovery. of more than $800, and served garnishee process on the railway company. The garnishee answered, and set up the fact of the recovery of the Deuster judgment, and also the other garnishments above referred to. On the 6th day of December, 1894, the intervening defendant, *Sweet, Dempster & Co.*, commenced an action against Deuster to recover more than $400; and on the 14th day of January, 1895, it also commenced garnishment proceedings against the railway company, in which the garnishee duly appeared and answered in substantially the same form as in the Farwell case.

After the affirmance of the Deuster judgment against the street-railway company, in this court, all of the garnishee creditors obtained judgments against Deuster. The plaint-

Lehmann vs. Farwell and others.

iff's (*Lehmann's*) judgment amounted to nearly $500; Farwell & Co.'s judgment, to nearly $1,000; *Sweet, Dempster & Co.'s*, to a little more than $400.   All of the garnishing creditors above named were brought into this action, by proper proceedings, after the garnishee defendant had paid into court the amount of the judgment obtained against it by Deuster; and about the same time, also, one *Caroline A. Deuster*, the wife of Hubert Deuster, was made a party to these proceedings on her own petition,— she claiming to own the right of action or judgment against the street-railway company recovered by her husband, by virtue of an assignment of the same which was made and delivered to her by her husband on the 25th day of May, 1893, being the same day the verdict was rendered, and before any garnishment papers had been served.   The parties agreed that one third of the moneys paid into court by the street-railway company belonged to Messrs. Austin & Hamilton, the attorneys of Hubert Deuster in that litigation, and accordingly the amount so agreed to be due was paid to that firm; leaving in the hands of the clerk of the superior court the sum of $1,113.08, which is the subject of this litigation.

The court found substantially the facts as previously stated, and found that Hubert Deuster owed his wife, *Caroline A. Deuster*, at the time of the attempted assignment of his right of action, the sum of $622, and that she had the first lien to that amount; that the defendants John V. Farwell & Co. had the next lien; and, there not being sufficient funds to pay the entire amount of the *Farwell* claim, no disposition was made of the claim of *Sweet, Dempster & Co.* It was further adjudged that at the time of the service of the plaintiff's garnishee process the garnishee was not indebted to Hubert Deuster in any sum.   From this judgment the plaintiff, *Henrietta Lehmann*, appealed, the defendant *Caroline A. Deuster* appealed, and the defendants John V. Farwell & Co. appealed.

For the plaintiff there were briefs by *Sylvester, Scheiber, Riley & Orth,* and oral argument by *M. M. Riley* and *F. Scheiber.* They contended, *inter alia,* that there was a present subsisting liability on the part of the railway company to Deuster when the garnishee papers were served, enforceable at law and evidenced by the judgment, and that such liability had become absolute by the judgment before this appellant's judgment against Deuster was rendered, so that under our statute (sec. 2768, R. S.) she acquired a valid lien by her garnishment proceeding. *Jones v. St. Onge,* 67 Wis. 520; *Foster v. Singer,* 69 id. 392, 395. The rule under the Massachusetts statute, from which ours is mainly copied, is changed in that respect by sec. 2769, S. & B. Ann. Stats. The liability of the railway company became liquidated when the verdict was rendered, and it was then garnishable. *St. Joseph Mfg. Co. v. Miller,* 69 Wis. 389; *Crouch v. Gridley,* 6 Hill, 250.

*Julius E. Roehr,* for the defendant *Caroline A. Deuster,* contended that the cause of action against the railway company, being one that survives in case of death, was assignable before judgment. *Hiner v. Fond du Lac,* 71 Wis. 74, 81; *Cotter v. Plumer,* 72 id. 476, 478.

For the defendants *Farwell & Co.* there was a brief by *Haring & Frost,* and oral argument by *C. J. Haring.*

WINSLOW, J. An action for personal injuries resulting from negligence was tried, and a substantial verdict rendered for the plaintiff. Before judgment on the verdict, the plaintiff assigned his right of action to his wife; and later, upon the same day and still before the entry of judgment, garnishee process was served on the defendant, at the suit of one of the plaintiff's debtors. The crucial questions in the case are simply (1) whether, before judgment, the cause of action was assignable; and (2) whether, before judgment, the defendant could be effectively garnished.

1. If the cause of action survived it was assignable. *Webber v. Quaw*, 46 Wis. 118. It is well understood that such an action does not survive at common law; hence the question is whether it survives under sec. 4253, R. S., as amended by ch. 280, Laws of 1887. That section reads as follows, the amendments of 1887 being printed in italics: " In addition to the actions which survive at common law, the following shall also survive, that is to say; actions for the recovery of personal property or the unlawful *withholding and* conversion thereof, actions for assault and battery or false imprisonment, *or other damage to the person,* or for goods taken and carried away, and actions for damages done to real and personal estates. *All equitable actions to set aside conveyances of real estate, or to compel a reconveyance thereof, and all actions for a specific performance of. contracts relating to real estate.*" The question whether the section, as changed by the act of 1887, includes a cause of action for personal injuries resulting from negligence, has not been decided by this court. It was raised in *Hiner v. Fond du Lac,* 71 Wis. 74, but expressly left undetermined. Under a statute in almost identical terms, in Massachusetts, such a cause of action was held to be included. *Norton v. Sewall,* 106 Mass. 143. It was there said that the words " include every action the substantial cause of which is bodily injury." See, also, *Cutter v. Hamlen,* 147 Mass. 471. The language of the Massachusetts statute was, " actions of replevin, of tort for assault, battery, imprisonment, *or other damage to the person.*" The only difference in the two sections which is material to the present inquiry is that the Massachusetts statute rather unnecessarily refers to the action as a " tort action." This adds nothing and takes away nothing from the meaning of the words. It does not seem to us that there is any room for mere construction. The words of the statute are plain. They are to the effect that an action for assault and battery, false imprisonment, or other damage to the person, shall

survive.  The injury resulting from being run over by a street car is certainly " other damage to the person," and it is damage of the same character as the damage resulting from an assault and battery; that is, it is physical pain and suffering.  We are referred to no other statutes of this character, save the Massachusetts statute.  The amendment of 1887 incorporated the words of that statute in our own after they had received a construction there.  It might be argued that we took the law with the construction.  But whether this be so or not, the construction seems to us entirely reasonable and logical, and we adopt it.

The cause of action being assignable before judgment, the only remaining question in regard to the claim of *Mrs. Deuster* was whether she received the assignment in good faith, for a *bona fide* indebtedness.  On this we find sufficient evidence to justify the findings of the trial judge; and we shall not disturb them, either on her appeal, or on the appeals of the other appellants.

2.  The second question is whether a mere verdict in a purely tort action creates a liability which can be garnished. The garnishee is not liable unless at the time of the service of process his liability to the principal defendant is absolute. R. S. sec. 2768; *Vollmer v. C. & N. W. R. Co.* 86 Wis. 305. The question of liability or not is fixed at the time of the service of process, and it must then be absolute, though perhaps payable subsequently.  If, however, the liability is contingent on a future, uncertain event, it is not subject to garnishment. *Edwards v. Roepke,* 74 Wis. 571; *Dowling v. Lancashire Ins. Co.* 89 Wis. 96.  A mere claim for personal injuries is not the subject of garnishment. *St. Joseph Mfg. Co. v. Miller,* 69 Wis. 389.  The verdict does not turn it into a debt, nor into an absolute liability.  That must be done, if at all, by the judgment.  No matter how long a verdict remained on the records of the court, no action could ever be maintained upon it. *Thayer v. Southwick,* 8 Gray,

Lehmann vs. Farwell and others.

229; Rood, Garnishment, § 152. The case of *Jones v. St. Onge*, 67 Wis. 520, is claimed to support the contrary doctrine. While there may be language in the opinion in that case which would tend to support the theory that a mere verdict in a tort action is subject to garnishment, the case itself was evidently rightly decided upon another ground. In that case the garnishee had been sued in replevin for certain logs by the main defendant, and the verdict rendered was that St. Onge, the main defendant, was the owner of the logs, and that the garnishee unlawfully withheld possession of them, and fixed their value. After verdict and before judgment, the garnishment papers were served. It was plainly a proper case for garnishment, because the garnishee had property of the main defendant in his hands, or was indebted to him therefor, at the time process was issued. In fact, the verdict neither helped nor hindered the liability of the garnishee. He would have been liable had no suit been pending at all, because he had property of the main defendant in his hands at the time the garnishee process was served, or was indebted to the main defendant to the amount of the value of such property. So far as the *St. Onge Case* seems to justify the doctrine that a mere verdict in an action to recover damages for personal injuries is the subject of garnishment, we cannot follow it. It follows that the plaintiff's garnishment must fail, because she garnished after verdict and before judgment, and the Farwell & Co. process becomes the first lien upon the moneys in court after the claim of *Mrs. Deuster* is paid. These were the conclusions reached by the court below.

*By the Court.*— Judgment affirmed.

The assignability of a cause of action for personal tort is treated in a note to *Hunt v. Conrad* (47 Minn. 557), in 14 L. R. A. 512.— REP.