## Harlus W. Wetherell et al., Exrs., v. Chicago City R. R. Co.

1.   PRACTICE—*Where Judge Has No Power to Direct a Verdict.*— Where the evidence must be weighed, the trial judge has no power to direct a verdict.   He is strictly limited to determining whether or not there is evidence tending to prove the plaintiff's case.   A clear preponderance of the evidence does not empower the court to act.   In doubtful cases the issue should be submitted to the jury.

2.   SAME—*Time When Trial Judge Can Act upon a Preponderance of the Evidence.*—The time when the trial judge can weigh the evidence, and act upon a clear preponderance of the evidence, is upon the motion for a new trial.

3.   SAME—*Survival of Personal Actions at Common Law.*—At common law the rule is that personal actions arising *ex delicto*, die with the person.

4. STATUTES—*Sec. 1 of Chap. 70, R. S., and Sec. 123, Ch. 3, R. S., Not Repugnant.*—Sec. 123, Ch. 3, R. S., próviding that in addition to the actions that survive by the common law, certain other actions, therein named, including " actions to recover damages for an injury to the person, except slander and libel * * * shall also survive," is not repugnant to Sec. 1 of Ch. 70, R. S., which provides that " whenever the death of a person shall be caused by a wrongful act * * * and the act * * * is such as would, if death had not ensued, have entitled the party to maintain an action * * * then * * * the person who * * * would have been liable if death had not ensued, shall be liable to an action for damages notwithstanding the death of the party injured."

5. ACTIONS—*Where Injured Party Dies, Not from or as a Direct Result of the Injuries.*—When the injured party dies, not from or as a direct result of the injuries, the right of action continues in his representatives, for the benefit of his estate generally. In such case damages may be recovered for pain, suffering, moneys necessarily expended during his sickness, and the loss of profits up to the time of his death.

6. SAME—*Limit of Damages Where Injured Party Dies from Injuries.*—When the injured party dies from the injuries, an action arises in favor of his representatives, which requires a new suit, for the exclusive benefit of his widow and next of kin. In such case the damages are limited strictly to the pecuniary loss of the widow and next of kin.

7. PLEADINGS—*Evidence as to the Cause of Death May Be Offered by Defendant Under the General Issue.*—The question as to the cause of death is one of evidence, which may be offered by the defendant under the general issue.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge presiding. Heard in this court at the October term, 1901. Reversed and remanded. Opinion filed November 28, 1902. Rehearing denied December 24, 1902.

Action for personal injuries.

The declaration was filed July 29, 1897.

The first count sets up that Eliza A. Page, on March 8, 1897, was a passenger on a train of appellee, which was running south over its Cottage Grove avenue line; that with all due care and diligence she attempted to alight at the intersection of that avenue with Oakwood Boulevard; that appellee, by its agents and servants, without giving her a reasonable time to alight therefrom, carelessly caused said train " to be suddenly and violently started and moved, and while said train of cars was being so moved, seized her by the arm and put her upon the ground so near to said train and in such dangerous proximity thereto that one of

the cars of said train struck her violently on the hip and shoulder and dashed her to the ground," etc.

The second count states that while she was with all due care about to alight from the car, "the defendant, by its agents and servants in that behalf, carelessly and negligently grasped her by the arm and pushed her with great force and violence from said train of cars before she was able to safely alight, and put her on the ground in dangerous proximity to said train, and while standing on the ground near said train, and before she, using all due care, speed and diligence, had an opportunity to get a safe distance from said train, the defendant, by its agents and servants in that behalf, carelessly and negligently caused said train of cars to be suddenly and violently started and moved, so that one of the cars of said train struck her violently upon the hip and shoulder," etc. Then follows the statement of her injuries.

To this declaration the general issue was filed December 21, 1897. November 7, 1900, the death of the plaintiff was suggested, and the executors of her estate were substituted as plaintiffs. No other than mere verbal changes were made in the original declaration.

The defendant's plea to the original declaration was ordered to stand to the amended declaration.

Upon the trial, at the close of all the evidence, the learned trial judge directed the jury to return a verdict for the defendant.

From the judgment entered upon this verdict the present appeal was perfected.

EDGAR BRONSON TOLMAN, attorney for appellants.

WILLIAM J. HYNES, SAMUEL S. PAGE and WATSON J. FERRY, attorneys for appellee; MASON B. STARRING, of counsel.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

The abstract is not so deficient that we should for that reason affirm this judgment.

The contention of appellee that the action of the trial court in directing the jury to return a verdict for appellee at the close of all the evidence should be sustained, because such evidence, " with all the inferences the jury might justifiably draw therefrom, is not sufficient to support a verdict for the plaintiff, if one had been returned," is not well founded.

It is sufficient to say that the evidence of appellant, supported by that of two other witnesses, tends to prove her cause of action.    It is true that eight witnesses, not in the employ of the company, and the two conductors, contradict the testimony presented in behalf of appellant in many, if not in all, important particulars; but the fact that such conflict exists rendered it improper for the learned trial judge to direct the jury to return a verdict for appellee. Where the evidence must be weighed, the trial judge has no power to direct a verdict.  He is strictly limited to determining whether or not there is evidence tending to prove the plaintiff's case.  A clear preponderance of the evidence does not empower the court to act.  In doubtful cases the issue should be submitted to the jury.

The time when the trial judge can weigh the evidence and act upon a clear preponderance of the evidence, is upon the motion for a new trial.  Roberts v. C. & G. T. Ry. Co., 78 Ill. App. 526; Westville C. Co. v. Schwartz, 177 Ill. 272; I. C. R. R. Co. v. Heisner, 192 Ill. 571, 573; Chicago City Ry. Co. v. Martensen, 198 Ill. 511.

In the case last cited the Supreme Court say:

" If, as contended by counsel for appellant, the trial court may, at the close of all the evidence, take a case from the jury merely because he regards the clear preponderance of the evidence—or the overwhelming preponderance of the evidence—as being in favor of the defendant, then the right of trial by jury is left to the judgment and discretion of the court; and no one would seriously insist upon such a rule.  *  *  *  The question is, on the whole record, was there competent evidence which, from its reasonable intendments and inferences, fairly tended to make out the plaintiff's case."

In our opinion the evidence upon the merits demanded that the case should be submitted to the jury.

At common law the rule is that actions merely personal, arising *ex delicto*, die with the person. 1 Chitt. Pl. 68. Our general assembly, however, has changed this rule in two particulars. By Sec. 1 of Chap. 70, R. S., it is provided :

"Whenever the death of a person shall be caused by a wrongful act * * * and the act * * * is such as would, if death had not ensued, have entitled the party to maintain an action * * * then * * * the person who * * * would have been liable if death had not ensued, shall be liable to an action for damages notwithstanding the death of the party injured."

It is further provided by Sec. 123, Ch. 3, R. S., that in addition to the actions that survive by the common law, certain other actions, therein named, including "actions to recover damages for an injury to the person, except slander and libel * * * shall also survive."

It has been decided that these two statutes are not repugnant. Each is in force. Holton v. Daly, 106 Ill. 131, 139. There is but one cause of action, namely, the wrongful act, neglect or default.

When the injured party dies, not from or as a direct result of the injuries, the right of action continues in his representative for the benefit of his estate generally. In such case damages may be recovered for pain, suffering, moneys necessarily expended during his sickness, and loss of profits up to the time of his death.

However, when the injured party dies from the injuries, an action arises in favor of his representative, which requires a new suit, for the exclusive benefit of his widow and next of kin. In such case the damages are limited strictly to the pecuniary loss of the widow and next of kin.

Where the injured party has brought suit during his lifetime, and he afterward and before trial dies, and his death was not caused by the injuries, the only necessary change in the declaration is the substitution of his representative as plaintiff.

The question as to the cause of death is one of evidence, which can be offered by the defendant under the general issue. Gould on Pl. 322; 21 Ency. Pl. & Pr. 921. In City of Chicago v. Babcock, 143 Ill. 358, the Supreme Court, in passing upon this question, at page 364, say:

"In such an action (on the case) the defendant is permitted, under the general issue, to give in evidence a release, a former recovery, a satisfaction, or any other matter *ex post facto*, which shows that the cause of action has been discharged, or that in equity and conscience the plaintiff ought not to recover."

Our conclusion is that the learned trial judge should have submitted this case to the jury upon the merits and also upon the cause of death.

The judgment of the Circuit Court is reversed and the cause is remanded.