# Peter J. Krakowski, Appellee, v. The Aurora, Elgin & Chi= cago Railroad Company, Appellant.

## Gen. No. 15,967.

1. DAMAGES—*what cannot be recovered in action for personal in-
juries.* A plaintiff cannot in an action for personal injuries recover
any damages for the loss of any portion of his life nor for any earnings
he might be supposed to make if living in that part of his life lost by
reason of his injuries, but evidence that by reason of an accident the
plaintiff's life has been shortened is competent to show the extent of
the plaintiff's injury, his consequent disability to earn a living, if any,
for the time he shall live and his bodily and mental suffering, if any,
which will result from such injuries.

2. DAMAGES—*when proof must be specific.* Damages claimed for
loss of time, medical expenses, etc., must be specifically proved.

3. EVIDENCE—*when subjective symptoms incompetent.* Subjective
symptoms or tests obtained from a plaintiff during an examination by
a physician for the purpose of testifying upon the trial are inadmissi-
ble. Involuntary acts however are not subjective symptoms.

4. EVIDENCE—*what competent to show extent of disability.* *Held,*
that it was not error to admit evidence of the plaintiff's inability to
work generally and to pursue his studies as a medical student although
the declaration averred that the plaintiff's occupation was that of a
watchmaker and a student of medicine, but that the plaintiff could only
recover for his actual loss of time proved by him as a watchmaker,
because no loss or damage by reason of his inability to pursue his study
of medicine was proved.

5. INSTRUCTIONS—*when upon measure of damages in action for per-
sonal injuries improper.* Where damages claimed are susceptible of
specific proof and such specific proof is not made it is improper to tell
the jury that "to enable the jury to estimate the amount of damages
it is not necessary that any witness should have expressed an opinion as
to the amount of such damages but the jury may themselves make such
estimate from the facts and circumstances in proof," etc.

6. VERDICTS—*when excessiveness cannot be cured by remittitur.* If the damages awarded are so grossly excessive that they can only be accounted for upon the theory that the jury were misled by the instructions, the error cannot be cured by the entry of a *remittitur.*

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the HON. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed and remanded. Opinion on rehearing filed February 14, 1912.

**Statement by the Court.** Peter J. Krakowski recovered a judgment of $8,000 against the Aurora, Elgin and Chicago Railroad Company for personal injuries sustained October 30, 1905. The railroad company has appealed from that judgment.

Appellee received his injury while a passenger on one of appellant's cars which collided with a construction car standing on a siding, while running at the rate of about forty-five miles per hour. The forward end of the car in which appellee was riding was almost completely wrecked, and all but two or three of the seats in the car were broken or wrenched from their fastenings. Appellee claimed that he was violently thrown from his seat in said car and that he suffered thereby a very serious dislocation of the left knee, in which dislocation the head of the tibia was passed by the distal end of the femur about two inches. He also claimed that as a result of the injury he suffered very great pain for a long time, and that he continues to suffer pain thereby; that he has suffered a general condition of nervousness designated as neurasthenia, and that he will continue to do so; that his eyesight is affected, and that his limb is much smaller than prior to his injury; that irritation continues in the knee joint, and that he never will be able to use his limb again without severe shocks, and that said injuries are permanent. The fact that he suffered any such dislocation of the knee joint, and that he suffered, or will continue to suffer, from such

severe injuries, is controverted very strongly by the evidence of appellant's witnesses.

Hopkins, Peffers & Hopkins, for appellant.

Edward Maher and James L. Bynum, for appellee; Guerin, Gallagher & Barrett, of counsel.

Mr. Justice Duncan delivered the opinion of the court.

*First.* Appellant first attacks the verdict and judgment in this case on the ground that they are excessive, insisting that the weight of the evidence shows that appellee did not receive the severe dislocation of the knee that he claimed that he had, or any other serious and permanent injuries by reason of said collision. As the cause will be reversed for other errors in the record, we will not discuss the case on the merits further than to say that the question of the extent of appellee's injuries was very closely contested, and we are of the opinion that the damages awarded by the jury are excessive.

*Second.* The record shows appellee was allowed by the court, over the objections of the appellant, to prove that appellee's injuries would shorten his life. At common law, no action could be maintained against any person for wrongfully causing the death of another person. It is only by virtue of some statute that such an action can be maintained anywhere in this country or in England; and the preamble of Lord Campbell's Act, which was an act passed for the purpose of compensating families of persons killed by accidents, recites that "no action at law is now maintainable against a person who, by his wrongful act, neglect or default, may have caused the death of another person." It has never been held in this country, in the absence of a statute, so far as we know, that there can be a recovery for the death of

any individual, or for the loss of any portion of his life. The injured party cannot do that in an action for a personal injury to himself, because death by reason of the injuries complained of, at once puts an end to his suit, and his legal representatives cannot continue or maintain such suit after his death, unless authorized to do so by a statute. 6 Thompson on Negligence, Secs. 6978, 6979 and 6980; Baker v. Bolton, 1 Campbell (Eng.), 493; Hyatt v. Adams, 16 Mich. 179; Conn. Mut. L. I. Co. v. N. Y. & N. H. R. R. Co., 25 Conn. 265; Chic. & W. I. R. R. v. Schroeder, 18 Ill. App. 328; I. C. R. R. Co. v. Cragin, 71 Ill. 177.

· By the 123rd section of the Revised Act in relation to the administration of estates, in force July 1, 1872, "actions to recover damages for an injury to the person, except slander and libel, * * * shall also survive." Chap. 3, Hurd's Rev. Stat., 1909. If the party injured die of causes other than the injuries complained of, the suit of the deceased may be continued under the statute in the name of his administrator; but it is and must be regarded as the suit of the deceased, and tried under the same principles of law, as if he were alive and personally present and suing, and no recovery can be had beyond his death. If the injured party die of the injuries complained of, then his action dies with him, and his suit for damages to him cannot be longer maintained. If he had in his life a good cause of action and died by reason of such injuries, a suit by his administrator can be maintained under the second section of the Injuries Act for his death, for the benefit of the widow and next of kin. In such case it is not the suit of the deceased, and the measure of damages is not governed by the same principles of law at all. Holton v. Daly, 106 Ill. 131; Hurd's Stat., 1909, Chap. 70.

By the foregoing, it is clear that appellee is not entitled to recover any damages under the law for the loss of any portion of his life, nor for any earnings he

might be supposed to make, if living, in that part of his life lost by reason of his injuries. After reconsidering this case, however, we are convinced that appellee was entitled to the benefit of the evidence in question to show the extent of his injury, his consequent disability to earn a living, if any, for the time he shall live, and his bodily and mental suffering, if any, which will result from such injuries. Other jurisdictions hold this to be the law and our Supreme Court seems to sanction the same doctrine, when there is evidence, as in this case, that death is reasonably sure to follow as a result of such injuries. The Richmond Gas Co. v. Baker, 146 Ind. 600; C., C., C. & St. L. Ry. Co. v. Miller, 165 Ind. 381; Magee v. City of Troy, 48 Hun (N. Y.), 383; Southerland on Damages, Vol. 4, Par. 1241, 3rd Ed.; T. W. & W. R. R. Co. v. Baddeley, 54 Ill. 19; Lauth v. C. U. T. Co., 244 Ill. 244.

*Third.* It is the law that subjective symptoms or tests, obtained from a plaintiff during an examination by a physician for the purpose of testifying upon the trial, are inadmissible. Shaughnessy v. Holt, 236 Ill. 485; Greinke v. Chic. C. Ry. Co., 234 Ill. 564. Inasmuch, however, as one or more of the physicians in this case testified that the tremulousness of the hands and of the tongue and eyelids of the appellee were involuntary and not within his control and could not be simulated, the evidence thereof objected to by appellant was competent. The fact that other physicians testified that they were under the control of the voluntary muscles and could be simulated, did not render the evidence inadmissible for that reason; but in such case it was properly left to the jury as a fact for them to determine whether or not such symptoms were involuntary or simulated.

*Fourth.* We do not think it was error to admit the evidence of appellee's inability to work generally and to pursue his studies as a medical student, although

the declaration averred that his occupation was that of a watchmaker and a student in medicine. The evidence was competent to show the extent of his disability, and under the evidence as introduced, to show how much time as a watchmaker he in fact lost, and how much therefor he should recover. With proper instructions the evidence was admissible. He could only recover for his actual loss of time proved by him as a watchmaker, however, because he proved no loss or damage by reason of his inability to pursue his study of medicine. The amount of damages to be awarded to him on this evidence was a matter to be guarded and governed by proper instructions.

*Fifth*. The giving of appellee's fourth and fifth instructions by the court, in view of the evidence admitted in this case, was error. By instruction No. 4 the jury were told, ''to enable the jury to estimate the amount of damages, it is not necessary that any witness should have expressed an opinion as to the amount of such damages, but the jury may themselves make such estimate from the facts and circumstances in proof,'' etc. This instruction is correct as to physical injuries, suffering in mind and body, future suffering, and loss of health, which cannot be measured with pecuniary exactness. It is incorrect when applied to damages for expenses made in paying for medicines and medical services rendered, and for loss of wages as an employe in a watch factory, which are capable of exact proof. By this instruction the jury were at liberty to give damages for loss of time as a medical student, without any specific proof of such damages, and which in any event must necessarily be regarded as in the nature of speculative damages. The testimony of appellee was also to the effect that he paid $150 doctor's bills and that he owed more, but did not know how much more he owed. The physician's testimony was given only as to the character of the services rendered, and the duration thereof

without stating the value of the services, and the value thereof cannot be determined from the evidence. Such services and expenditures are elements of damages capable of pecuniary measurement, and the law requires that the amounts of such expenditure and the amount of liability for such services shall be specifically proved. North C. St. R. R. Co. v. Fitzgibbons, 180 Ill. 466; Harley v. A. E. & C. Ry. Co., 149 Ill. App. 339.

Instruction No. 5 for appellee stated that in determining the amount of damages appellee was entitled to recover in this case the jury had the right to and should take into consideration all the facts and circumstances, as proved by the evidence before them. The instruction does not accurately state the law, and is subject to some of the same objections as No. 4 above mentioned. In determining the amount of damages the jury should only consider such evidence as properly and legally bear upon the question of such damages. In this case, it was not proper for them to consider the evidence as to doctor's bills, except so much of the same as was properly proved to have been paid. It was not proper for them to allow any sum for loss of time as a medical student. It was not proper for them to allow any sum for loss of appellee's life. It is not possible for this court to know how far astray a jury may go, where the whole field of evidence is thrown open for the consideration of the jury, the evidence that does, and also the evidence that does not, have proper bearing upon determining the amount of damages, in determining the amount of damages to be awarded. Especially must this be so when the court tells them by an instruction that it is their right and that they should consider all the evidence before them in determining such question. We must necessarily conclude that they followed the direction of the court. While it is true that the evidence that appellee could not follow his avoca-

tion as a student and that his injuries would cause his death, is proper to be considered by the jury for the reasons above given, and that such evidence also had a tendency to affect the amount of damages to be awarded; yet, when a jury are told that they may and that they should consider such evidence in determining the amount of damages they should award, the jury ought to be further instructed as to the correct bearing such evidence shall have in such determination. In other words, they should have been informed that appellee could not recover for the loss of any portion of his life by reason of such injuries, if any, he will lose, nor for any wages or earnings he might be able to make during such portion of his lost life, nor for loss of time as a medical student. They should also have been informed that no amount could be allowed for that portion of his liability for medical services that was unpaid, or the evidence on that subject ought to have been excluded because the amount of such liability was not made definite. It was not proper for the jury to consider such unpaid liability for any purpose. As the contest in this case was mainly, if not solely, as to the amount of damages to be recovered by appellee, it was very necessary, in view of the evidence, to give the jury the correct standard in every instance by which to measure the damages.

All must concede that it would be a very dangerous thing to specifically tell a jury that they should take into consideration in assessing damages the fact, if they believed such fact to be proved, that appellee would die as a result of his injuries, without telling them specifically the exact bearing such evidence should have in fixing such damages. As the jury were told they should consider all the evidence in fixing the damages, we are certainly warranted in concluding that they considered loss of life as it was necessarily one of the most prominent facts. We also conclude

that such restricted consideration was not given to that evidence by the jury in assessing the damages, as the law requires, and that that accounts for the excessive damages awarded by the jury. After thoroughly considering the question, we are of the opinion that the damages are so grossly excessive that they can only be accounted for upon the theory that the jury were misled by the said instructions, and that the error cannot, under the law, be cured in this case by a *remittitur.* Loewenthal v. Streng, 90 Ill. 74; C. & E. I. R. R. Co. v. Cleminger, 77 Ill. App. 186; North C. St. R. R. Co. v. Hoffart, 82 Ill. App. 539; Lauth v. Chic. U. T. Co., 244 Ill. 244.

While it is true that instructions in very nearly the same language as Nos. 4 and 5 have been approved in a number of cases, still it is clear that they cannot and ought not to be approved in this, or in any other case, where they are inapplicable to certain portions of the evidence not properly in the case, and necessarily misleading as to other evidence properly in the record. The limitation in No. 5, "so far as such damages and injuries, if any, are claimed and alleged in the declaration and are proven," does not have any tendency to relieve these instructions of the objections above suggested. Loss of time as a student, and expenses for medical services, etc., were alleged in appellee's declaration.

For the errors above indicated, the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*