JOHN A. SHOWEN, Admr., Respondent, v. METRO-POLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 14, 1915.

1. EVIDENCE: Deposition: In Former Trial: Contradiction. When a witness is confronted with his deposition, or a bill of exceptions in a former trial, for the purpose of contradicting

his present testimony, he is entitled to see the whole of his testimony, on the subject in hand; and, unless the whole is introduced, it is error for opposing counsel to select special parts with which to contradict him.

2. **PERSONAL INJURY: Death: Damages: Expectancy of Life: Date of Death.** Where a party is injured through negligence of another and dies before judgment, but not from his injury, his administrator is not entitled to recover damages for a period covering his expectancy in life; but only up to his death.

Appeal from Jackson Circuit Court.—*Hon. Daniel E. Bird,* Judge.

REVERSED AND REMANDED.

*John H. Lucas* and *L. A. Laughlin* for appellant.

*Ed. E. Aleshire, John A. Showen* and *R. S. Robertson* for respondent.

ELLISON, P. J.—Plaintiff's intestate, Cyrus C. Armstrong, was injured while attempting to alight from one of defendant's street cars on which he was a passenger. The deceased instituted an action for damages. He died before judgment was rendered and plaintiff was appointed his administrator. Plaintiff then became a party and filed an amended petition, and on trial recovered judgment. This judgment was reversed by this court (164 Mo. App. 41). Another trial was had and plaintiff again recovered. Defendant then appealed to the Supreme Court and that court transferred it here.

Defendant introduced one Rardin as a witness in its behalf. In cross-examination plaintiff's counsel confronted him with his deposition taken in a former trial, or with his evidence as contained in the bill of exceptions taken at the former trial (counsel have not stated which), and asked him if he did not make certain statements therein at the former trial, and then

introduced these selected statements in evidence. This was objected to, but permitted by the court. Counsel should have read the whole of his evidence on that particular subject. For, other parts of it might have made consistent what otherwise would appear to be contradictory. [Prewitt v. Martin, 59 Mo. 325, 334; State v. Stein, 79 Mo. 330, 332; State v. Matthews, 88 Mo. 121, 125; Wilkerson v. Eilers, 114 Mo. 245, 251.] If counsel had merely exhibited the deposition to the witness and asked him if he had not made certain statements therein, and then have failed to have introduced the deposition, thus leaving the jury to infer that the witness was right, perhaps no harm would have been done under the view expressed by the Supreme Court in State v. Matthews, supra. But, as we have stated above, plaintiff, over defendant's protest, introduced in evidence the small part selected by him. It was a violation of a fundamental rule of evidence. The deposition should have been shown to the witness, the whole of it, or that part relating to the subject in hand, should have been introduced. Then any special pertinent questions could have been asked.

For the purpose of discrediting the testimony of one of defendant's witnesses, a draft of a petition drawn by attorneys for Armstrong, plaintiff's intestate, was introduced in evidence over defendant's objection. The witness had been in the office of those attorneys and knew something of the case from conversations with Armstrong. We do not see that it had any bearing on the case and it should have been excluded.

Though the death of deceased followed some time after his injury, yet it was not caused by such injury. The evidence tended to show permanent physical injury to the leg and hip, and much pain and suffering. An instruction on the measure of damages called attention to these conditions and was so worded that the jury might allow damages for the ordinary expectation

of life for a man of Armstrong's age, though it did not so direct. In instances where the injured party dies from other causes, before judgment, damages should be limited to the space of time between the date of the injury and the death. [Railroad Co. v. Chance, 57 Kas. 40, 48; Ill. Steel Co. v. Ostrowski, 194 Ill. 376, 387; S. C. 93 Ill. App. 77; Wetherall v. Railroad, 104 Ill. App. 357; Welch v. Railroad, 7 Del. 140, 145.]

The judgment is reversed and cause remanded. All concur.