Henry H. Susemiehl, Administrator of Estate of Walter
Susemiehl, Deceased, Appellant, v. The Red River
Lumber Company and Walter Gehrke, Appellees.

Gen. No. 9,506.

Heard in this court at the
February term, 1940.　　　　Opinion filed May 15, 1940.

SEARS, O'BRIEN & STREIT, of Aurora, for appellant;
BARNABAS F. SEARS, WILLIAM C. O'BRIEN and EDWARD
F. STREIT, of counsel.

CASSELS, POTTER & BENTLEY, of Chicago, for appel-
lee Red River Lumber Co.; RALPH F. POTTER, KENNETH
B. HAWKINS and BARRY GILBERT, all of Chicago, of
counsel.

MR. JUSTICE DOVE delivered the opinion of the court.
Walter Susemiehl was injured on September 7, 1938
in an automobile collision and as a direct and proxi-
mate result of those injuries died October 31, 1938.
Two suits were thereafter commenced in the circuit
court of Kane county by his administrator against ap-
pellees, one of which was to recover under the wrong-
ful death statute for the pecuniary loss resulting to

decedent's next of kin and the instant proceeding brought under the survival statute to recover medical and hospital expenses incurred by the deceased and for which his estate would be liable between the date of the accident and the date of his death, also for the pain and suffering he endured during that time, the wages he was deprived of earning and his funeral expenses. To this complaint the defendants filed their separate motions to dismiss, supported by affidavits setting forth that plaintiff's intestate died as a direct and proximate result of the injuries he sustained in the automobile collision, that there is another action pending for his wrongful death under the injuries act, which act gives to the plaintiff his sole and exclusive right of action. The trial court sustained these motions and the plaintiff, electing to abide his complaint, judgment was rendered in favor of the defendants and against the plaintiff in bar of the action and for costs and plaintiff appeals.

The instant complaint is predicated upon Ill. Rev. Stat. 1939, ch. 3, ¶ 125 [Jones Ill. Stats. Ann. 110.125], which provides: "In addition to the actions which survive by the common law, the following shall also survive: actions of replevin, actions to recover damages for an injury to the person (except slander and libel), actions to recover damages for an injury to real or personal property, or for the detention or conversion of personal property, and actions against officers for misfeasance, malfeasance or nonfeasance of themselves or their deputies, and all actions for fraud or deceit." The statute providing compensation for causing death by wrongful act, neglect or default provides: "Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation

which would have been liable if death had not ensued shall be liable to an action for damages notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.'' Ill. Rev. Stat. 1939, ch. 70, sec. 1 [Jones Ill. Stats. Ann. 38.01]. Section 2 of the same act provides that every such action shall be brought by and in the name of the personal representative of the deceased person and the amount recovered shall be for the exclusive benefit of the widow and next of kin of such deceased person and shall be distributed to such widow and next of kin in the proportion provided by law, limits the amount of recovery to a sum not to exceed $10,000 and provides that such action shall be commenced within one year after the death of such person.

The only question presented on this appeal is whether or not an administrator of a person injured by the alleged negligence of another and dying as a direct and proximate result of such injury can maintain two suits as administrator, one on behalf of the next of kin to recover damages occasioned by the wrongful death and another for damages alleged to have been sustained before his death.

Appellees contend that if death results from the injuries sued for, the suit of the injured person or a suit by his personal representative abates and cannot be further prosecuted citing *Holton v. Daly,* 106 Ill. 131 and many later Illinois decisions, viz: *Chicago & E. I. R. Co. v. O'Connor,* 119 Ill. 586; *Crane v. Chicago & W. I. R. Co.,* 233 Ill. 259; *Mooney v. City of Chicago,* 239 Ill. 414; *Devine v. Healy,* 241 Ill. 34; *Prouty v. City of Chicago,* 250 Ill. 222; *Ohnesorge v. Chicago City Ry. Co.,* 259 Ill. 424; *Wilcox v. International Harvester Co.,* 278 Ill. 465; *Pease v. Rockford City Traction Co.,* 279 Ill. 513; *Wilcox v. Bierd,* 330 Ill. 571 and *Little v. Blue Goose Motor Coach Co.,* 346 Ill. 266.

Counsel for appellant concede that the holding in

*Holton v. Daly, supra,* has been accepted generally by the bench and bar of this state as sustaining the ruling of the trial court but counsel argue that all the court held in the *Daly* case was that it was erroneous to give in that case an instruction which advised the jury that if they found the defendant guilty that then in estimating the damages the jury might consider the effect of the injury upon the health of the deceased, his ability after the accident to attend to his affairs, his bodily pain and suffering, necessary medical and nursing expenses and loss of time; that they could not consider the death of plaintiff's intestate as an element of damage but only all damage sustained by him up to the time of his death. The facts in that case were that Michael Daly brought a suit against Charles C. Holton to recover for injuries received by him as the result of the bursting of an emery wheel while he was in the employ of the defendant. He recovered a judgment in the trial court which was reversed by the Appellate Court and the cause remanded. Thereafter Daly died and his administratrix was substituted as party plaintiff. Upon the second trial the plaintiff recovered a judgment which was affirmed by the Appellate Court. In reversing those judgments the Supreme Court in the course of its opinion said that the evidence showed that Daly's death resulted subsequent to the bringing of this suit in consequence of the injury which formed the basis of his suit. "If," continued the court, "the evidence had shown that the death was the result of causes other than the bursting of the emery wheel, or, rather, that the injuries occasioned by the bursting of the emery wheel, to recover for which alone the suit was originally brought, did not cause the death, it is quite apparent this instruction would be free of objection; but in view of the fact that the evidence showed that the death resulted from the injuries occasioned by the bursting of the emery wheel, a very different question is presented." The court then said that at com-

mon law, personal actions arising *ex delicto* died with the person and did not survive to the representatives, that the wrongful death statute of February 12, 1853 changed this and that waiving all question as to the sufficiency of the pleadings, the instruction was erroneous if the object of the plaintiff was to recover under the statute, inasmuch as the only damage for which there may be a recovery under that statute is solely the pecuniary loss which the next of kin has sustained. The court then said that the right of action which, at common law, would have terminated at the death of a party injured is continued for the benefit of the wife and next of kin and its scope enlarged to embrace the injury resulting from the death. The court then took up the question whether under the Act of 1872 (Ill. Rev. Stat. 1939, ch. 3, sec. 125, *supra*) the giving of this instruction could be sustained and said:

"If a party receiving injuries died from other causes, no action could be maintained under the act of February 12, 1853; but now, under the statute of 1872, the cause of action survives to his personal representatives. It is not to be presumed it was intended there should be two causes of action, in distinct and different rights, by the same party plaintiff, for the same wrongful act, neglect or default. It would, obviously, be impossible to draw a line severing with accuracy the damages resulting from the permanent character of the injury, and its effect upon the capacity of the plaintiff for future usefulness in acquiring property, etc., from the actual loss to the wife, parent or child, in consequence of being deprived of this same capacity, by reason of the same injury resulting in death. Yet if the administrator is entitled to recover for the benefit of the estate, generally, just what the plaintiff could have recovered if he had not died before judgment, it is settled he can recover for permanent injuries impairing future usefulness, and consequent pecuniary loss. (*Peoria Bridge Association v. Loomis,* 20 Ill.

235.) Nevertheless, as we have seen, it is for precisely this loss, when death results, that the widow, parent or child, or next of kin, is entitled to recover.

''The recognition of the right in the deceased to have controlled this action in his lifetime, leads, logically, to the conclusion that a recovery by him would have been a bar to a recovery by his representative, and this because the cause of action would have been merged in the judgment. (Freeman on Judgments, sec. 241.) But if the action by the administrator, under the act of February 12, 1853, is for something other and different than that for which the deceased could have recovered had he obtained judgment in his lifetime, it is manifest no such merger would have taken place. It is true the measure of recovery in the different cases is not the same, but the cause of action is, viz., the wrongful act, neglect or default.

''We feel, therefore, constrained to hold that the act of 1872 was not intended to apply to cases embraced by the act of February 12, 1853. It hence follows, that in this action plaintiff occupies precisely the same position that he would have occupied had it not been begun until after the death, and it had then been begun under the act of February 12, 1853.

''The court erred in giving the instruction quoted, and for this error the judgment is reversed, and the cause remanded, with leave to appellee to amend her declaration, if she shall be so advised, and for further proceedings in accordance with this opinion.''

In *Ohnesorge v. Chicago City Ry. Co.*, 259 Ill. 424 the Supreme Court in speaking of the Injuries Act of 1853 said: ''This statute was not a survival statute. It did not continue to the personal representative the cause of action that the injured party had under the common law, but it created a new and independent cause of action never before that time recognized as existing in this State. The cause of action brought by the personal representative was not intended to

permit the widow and next of kin to recover for the pain and suffering of the deceased or for medical attendance and other expenses incurred in and about being healed of the injury. It was not designed by the legislature to give damages for any injury received by the deceased, but to create a cause of action in the name of the administrator for the pecuniary loss which the widow and next of kin may have sustained by reason of the death of the injured person, and the damages, when collected, were distributed, under the statute, to the widow and next of kin according to the rules for the distribution of personal property of persons dying intestate. The funds arising from this source were not a part of the estate of the deceased person and had never been held to be liable to the claims of creditors. The action is for the sole benefit of the widow and next of kin, and is given to compensate them for the pecuniary loss sustained by the death of the husband or relative. (*Chicago and Rock Island Railroad Co. v. Morris,* 26 Ill. 400.)'' Under the Act of 1872 actions to recover damages for an injury to the person, except slander and libel, survive the death of the person injured but continued the court in the *Ohnesorge* case, *supra:* "it was held in *Holton v. Daly, supra,* that the action only survived in cases where the death was from some cause other than the injury. If death resulted from the injury the only action that could be maintained was by the personal representative under the Injuries statute of 1853.''

What the court said in the *Daly* case was that unless the death of a party injured directly resulted from the injuries he received the Act of 1853 did not apply, that the Act of 1872 was passed to take care of a situation where the injured person recovered from his injuries but later died from another cause, that where death did result directly from the injuries received, the Act of 1872 did not give a cause of action for damages arising during the interval between the date of the injuries

and the date of death. This has been the repeated holdings of our courts. In *Merrihew v. Chicago City Ry. Co.*, 92 Ill. App. 346, it was held that if death resulted from the same injury that is declared upon, there can be no recovery by his personal representative on account of damages intermediate the injury and the death. In *Young v. Ostrander*, 270 Ill. App. 368, the court said that beginning with *Holton v. Daly*, *supra*, our Supreme Court has consistently held that where a person dies from the injuries sustained by reason of the alleged wrongful and negligent acts of others, then the suit or cause of action for the pain and suffering or expense incurred abates and is not revived by any statute in this State and if the injured person dies from causes other than the alleged wrongful or other negligent act then the cause of action survives. There cannot be two recoveries for the same wrongful act. Many cases both in our Supreme and Appellate Courts might be cited to the same effect. *Wetherell v. Chicago City R. R. Co.*, 104 Ill. App. 357; *Krakowski v. Aurora, E. & C. R. Co.*, 167 Ill. App. 469; *Harkin v. Ferro Concrete Const. Co.*, 185 Ill. App. 239.

In some jurisdictions there may be two recoveries where death ensues as a result of a wrongful act, one to recover for the conscious suffering, pain and anguish suffered by the injured party, besides his pecuniary loss, as well as medical, hospital and funeral expenses. This action is brought by the personal representative of the deceased and for the benefit of his estate. The other may be brought by the personal representative or the next of kin and is to recover the pecuniary loss which the next of kin sustained by reason of the wrongful death of the injured party. In some of the jurisdictions there are statutes authorizing the personal representative of a decedent to join in one action a count on behalf of decedent's estate for conscious suffering endured by decedent as a result of the negligent injury and also a count on behalf of the next

of kin for decedent's death caused by the same wrong-ful act. These cases hold that the action for wrongful death begins where the other action ends and that it is not a double recovery for a single wrongful act but separate and distinct recoveries for a double wrong. *Beauvais v. Springfield Institute For Savings,* — Mass. —, 20 N. E. (2d) 957, 124 A. L. R. 611 and cases referred to in the annotation following the report of that case. See also *Koehler v. Waukesha Milk Co.,* 190 Wis. 52, 208 N. W. 901; *Lehmann v. Farwell,* 95 Wis. 185; *Brown v. Chicago & N. W. Ry. Co.,* 102 Wis. 137, 77 N. W. 748, 44 L. R. A. 579; *Mahoning Valley Ry. Co. v. Van Alstine,* 77 Ohio St. 395, 83 N. E. 601; *St. Louis & S. F. R. R. Co. v. Goode,* 42 Okla. 784, 142 Pac. 1185; *Stewart v. United Electric Light & Power Co.,* 104 Md. 332, 65 Atl. 49; *Needham v. Grand Trunk Ry. Co.,* 38 Vt. 294; *Eureka v. Merrifield,* 53 Kan. 794; *Subrano v. Atlantic Mills,* 19 R. I. 129; *Hurst v. Detroit City Ry.,* 84 Mich. 539; *Soden v. Trenton & Mercer County Traction Corp.,* 101 N. J. L. 393, 127 Atl. 558.

In *Lehmann v. Farwell, supra,* it was held that a cause of action for injury to the person survives to his personal representative in case death ensues therefrom and in *Brown v. Chicago & N. W. Ry. Co.,* 102 Wis. 137, *supra,* that doctrine was adhered to and a number of decisions from other jurisdictions holding otherwise were referred to. Among them *Holton v. Daly, supra.* In commenting upon that case the Wisconsin court said that the survival and wrongful death statutes of Wisconsin and Illinois were similar but that our court had decided that the right of action to surviving relatives is exclusive and that the personal injury action that survives does not include those where death ensues from the injury because our court reasoned that there is but one ground of liability, the wrongful act. "The fallacy of that reasoning is easily apparent" says the Wisconsin court in its opinion, "True, in the circumstances named, there is but one wrongful act, but

that is not the sole ground of action in the right of the deceased or the survivor. It takes the wrongful act and the loss to make the complete cause of action, and as the loss to the person upon whom the injury is inflicted must be recovered by or in his right, and the loss to the surviving relatives by or in their right, the causes of action are clearly distinct. It does not require, apparently, much clearness of mental perception to discover that if several persons are made to suffer pecuniary loss by one wrongful act, each may very properly have his independent cause of action and remedy for the loss resulting to him, and that, generally, in order to do complete justice, in the absence of some provision for a recovery for the benefit of all and a distribution of the proceeds, separate causes of action must necessarily exist.''

In *Soden v. Trenton & Mercer County Traction Corp.*, 101 N. J. L. 393, 127 Atl. 558, *supra,* decided in 1925, it appeared that Garret N. Soden received injuries through the negligence of the defendant on May 30, 1922 from which he died on November 25, 1922. The executor of his estate brought an action by which he sought, in one count, to recover for moneys expended and loss of earnings between the date of the accident and the death of the testator as damages sustained by the estate and in the second count, for the pecuniary loss sustained by the next of kin from the death itself. New Jersey's wrongful death statute was passed March 3, 1848 and its survival statute on March 17, 1855 and it was contended that to sustain the action would be to subject the wrongdoer to double damages—damages to the deceased's estate and also to those entitled under the Death Act for the same wrong but the court held the two causes of action were separate and distinct, that under the Act of 1848 it is the death of the injured person that creates the right of action, while under the 1855 act it is the expense of care, nursing, medical attendance, hospital and other

proper charges incident to an injury, as well as the loss of earnings in the lifetime of the deceased, and which cease at death that give the right of action. Under the Act of 1848 the court said that the limitation runs from the date of the death, while under the Act of 1855 the limitation runs from the time of the infliction of the injury and in answering the contention that the absence of litigation based on the Act of 1855 to recover for injuries to the person strongly indicates the absence of such right of action. The court said that in a doubtful case the apparent novelty of the action would be given great weight but could not be given controlling influence where the language is clear and the meaning not doubtful.

There is much that can be said in support of the conclusions arrived at by the courts of Wisconsin, Massachusetts, New Jersey and the other States which hold contrary to those of our own State and the argument advanced by counsel for appellant in the instant case has much to commend it. However, the construction which our courts first placed on the survival Act of 1872 has been steadfastly adhered to and if the holding of *Holton v. Daly, supra,* and the other Illinois cases which have followed that decision and the reasoning upon which those decisions rest are to be no longer adhered to, this court is not the court to so determine.

Under the repeated holdings of our Supreme and Appellate Courts the trial court properly sustained appellee's motion to dismiss and that court did not err in rendering the judgment appealed from and that judgment will therefore be affirmed.

*Judgment affirmed.*