## JOHN FAHS *et al.*

*v.*

## MARSHALL O. ROBERTS *et al.*

1. SUPPLEMENTAL BILL—*its effect.* Upon the filing of a bill in chancery to enjoin the sale of property, levied on under execution, on the ground that the property was not liable to levy, and the subsequent filing of a supplemental bill, setting forth the fact that in the meantime the judgment on which the execution issued had been reversed, it was *held*, the original bill showing no ground for an injunction, and the supplemental bill merely presenting matters arising since the commencement of the suit, which had no connection with the ground of relief set forth in the original bill, the injunction should be dissolved.

2. DISSOLUTION OF INJUNCTION—*assessment of damages.* And should damages be asked by the defendant on the dissolution of the injunction, the reversal of the judgment would be a proper matter of consideration in their assessment.

3. REVERSAL OF JUDGMENT—*remedy as to pending levy.* The reversal of a judgment on which execution has issued and been levied on property of the defendant, is no ground for applying to a court of chancery to enjoin the sale, the relief being adequate at law.

4. In such case, the court, on motion, would stay all proceedings under the reversed judgment, and direct the sheriff to discharge the property.

5. INJUNCTION—*release of errors at law.* An injunction sued out to enjoin the sale of property which has been levied on under execution at law, upon grounds independent of the validity of the judgment, does not

operate to release the errors in the proceedings in which the judgment was rendered, as would be the case where the injunction has reference to the judgment itself.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

The opinion states the case.

Mr. WILLIAM H. UNDERWOOD, for the appellants.

Mr. H. P. BUXTON, for the appellees.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

At the September term, 1868, of the Edwards circuit court, Fahs and wife, the appellants herein, recovered a judgment against the Ohio & Mississippi Railroad Company, for injuries sustained by Mrs. Fahs, while a passenger upon the road. An execution was subsequently issued to Richland county, and levied by the sheriff of that county on certain cord wood, iron rails and bridge timbers. A bill for an injunction was then filed, and a temporary injunction was issued restraining the sheriff from selling. After having been continued for several years, the cause was heard, the injunction dissolved so far as related to the wood, and damages assessed. The record was brought to this court, and at the November term, 1864, the decree, so far as related to the assessment of damages, was reversed and the cause remanded. A supplemental bill was then filed in the circuit court, setting up that, since the filing of the original bill, the judgment, on which the execution was issued, had been reversed in the supreme court. The defendants answered, alleging that such reversal had been obtained by fraud of the complainants, and without notice to the defendants of the pendency of the writ of error. There was a replication to this answer, and on the issue thus formed, proof was

13—54TH ILL.

taken. On the hearing, the injunction was made perpetual and the defendants appealed.

The original bill was filed on the ground that the rails, bridge timber and wood were not subject to levy. It has been settled by this court, in *Palmer* v. *Forbes*, and *Hunt* v. *Bullock*, 23 Ill. 302 and 320, that the wood was liable to levy, but the rails and bridge timber for repairing the road, were not. So far, then, as the original bill is concerned, the injunction as to the cord wood should have been dissolved.

Is the case changed by the supplemental bill, filed after there had been a final hearing on the original bill, and the record brought to this court, and the decree reversed merely on the question of damages? The supplemental bill simply brought before the court the fact that, in the meantime the judgment at law had itself been reversed. But how was that germane to this suit? This proceeding is to enjoin a sale, on the ground that the property was not liable to levy. What had a subsequent reversal of the judgment to do with that question? In an action on the injunction bond, or on a motion to assess damages on dissolving the injunction, the reversal may have an important bearing on the question of damages, but it certainly has no connection with the issue which this suit was instituted to try, and for the trial of which these defendants were brought into court. If, after the reversal, the original injunction had been dissolved, and the defendants had then sought to sell, the court, on motion, would have stayed all proceedings under the reversed judgment, and directed the sheriff to discharge the property. Such a reversal would have been no ground for applying to a court of chancery, because the remedy would have been complete at law. The objection to this supplemental bill, however, is, not that there was a complete remedy at law, for it might be said that was waived by failing to demur; but the objection is, that the original bill shows no ground for an injunction, and the supplemental bill filed to sustain it, does not do so, and shows no reason whatever why the injunction should have been granted. It was not the

judgment which was enjoined under the original bill. If that had been done, it would have released all errors in the judgment, and there would have been no ground for reversing it, as was subsequently done. It was the sale of certain property which was forbidden by the court, on grounds entirely independent of the validity of the judgment, and this injunction, improperly issued on the original bill, has been kept in force under a supplemental bill, which in no way relieves the injunction of its illegality. It would be very inequitable, if a defendant, after contending for years against an utterly groundless claim, should finally be subjected to a final decree and the payment of all the costs, by virtue of a supplemental bill based upon grounds having no connection with the original cause of action, and lending it no support. In this case, the court should have dissolved the original injunction, as improvidently granted, and dismissed the bill at the costs of complainants, leaving the parties to their legal rights. If damages are asked, the reversal of the judgment will be a proper matter of consideration in their assessment.

It is laid down by Story, as a general rule, that where an original bill shows no ground for relief, it can not be aided by a supplemental bill, setting up matters that have arisen since the filing of the original bill. Story's Eq. Pl. sec. 339. In this case, the supplemental bill does not merely present matters that have arisen since the commencement of the suit, but these matters have no connection with the ground of relief set forth in the original bill. There can be no doubt that, in such a case. the rule stated by Story should be applied.

The judgment of the court below is reversed and the cause remanded.

*Decree reversed.*