JOSEPH M. BROWNBACK

*v.*

JOHN F. KEISTER *et al.*

*Opinion filed February 21, 1906.*

1. WILLS—*when remainder is contingent.* A remainder is contingent where it cannot be ascertained, until the termination of the preceding particular estate, what persons will come within the description of the remainder-men, as contained in the will.

2. SAME—*when remainder is not accelerated by conveyance.* A remainder contingent upon the death or re-marriage of a certain person is not accelerated by the fact that such person has conveyed her interest in the land to a third party.

3. SAME—*when merger is not effected.* A conveyance of their interest by contingent remainder-men to the same person who purchases the interest of the party upon whose death or re-marriage the remainder will cease to be contingent does not effect a merger.

4. CLOUD ON TITLE—*equity cannot entertain bill to remove cloud if defendants are in possession.* A court of equity is without jurisdiction to hear and determine a bill to remove a cloud from title, where the lands are in the possession of the defendants, unless there is some other ground for equitable cognizance alleged and proved.

5. EQUITY—*when a refusal to file a supplemental bill is proper.*
Where the original bill fails to show any ground for relief and a demurrer thereto is sustained, it is proper to refuse to allow a supplemental bill to be filed setting up matters which have arisen since the original bill was filed.

APPEAL from the Circuit Court of Macon county; the Hon. SOLON PHILBRICK, Judge, presiding.

This is an appeal from a decree of the circuit court of Macon county sustaining a demurrer interposed by appellees to appellant's bill, denying appellant's motion for leave to file a supplemental bill and dismissing the bill for want of equity.

It appears from the bill that on November 5, 1891, one Peter Keister died, seized in fee of the real estate involved in this suit; that he left a will, which was probated in Macon county, the fifth item of which was as follows:

"I give, devise and bequeath to John F. Keister and Jacob S. Keller the following described lands situated in the county of Macon and State of Illinois, to-wit: The northwest quarter of section twenty-eight (28), and the north half of the north-west quarter and thirty-two (32) acres off the west end of the south half of the north-west quarter of section twenty-seven (27), all in township seventeen (17), north, range two (2), east of the third principal meridian. In trust, nevertheless, for the use and benefit of my son, Julius Keister, and Matilda, his present wife, and their children now living, said trustees shall rent the said land for such terms and rentals as they may deem for the best interests of said beneficiaries and use the funds coming to their hands, first, to pay all taxes and special assessments upon the same; second, to pay to my wife, Susan Keister, annually, the sum of three hundred and ninety dollars ($390) for the term of her natural life; third, to pay themselves a reasonable sum for their services as such trustees; and fourth, after paying for all reasonable and necessary repairs upon

220—35

said premises, to pay the residue of such rentals in equal shares to my son, Julius Keister, Matilda Keister, John L. Keister, Emma McDermot, Peter W. Keister, J. Norman Keister, Arthur G. Keister and Frank Keister, but if the said Matilda Keister is divorced from my son, Julius, or after his death shall marry again, she shall not receive any portion of such rentals, but such rentals shall be divided among the other persons in this item named, share and share alike, nor shall the said Matilda Keister ever receive any more than one-eighth part of the residue of such rentals, but if any of the children of said Julius and Matilda Keister shall die leaving children, the share of such deceased child shall be paid to its children, and if any of their said children shall die without descendants, the share of such deceased child shall be distributed equally among the other beneficiaries here in this item named, except to said Matilda Keister. After the death of my said wife and the said Julius Keister, and the death or marriage of said Matilda Keister, and when all of the above named children have reached the age of twenty-one years, the trust hereby created shall terminate and said lands in the item described shall vest in fee simple absolutely in the said now living children of my said son, Julius, and his present wife, Matilda, and their descendants, share and share alike, the descendants of any of said above named children taking the share of their parents."

It further appears from the bill that John F. Keister and Jacob S. Keller accepted the trust created by said item, took possession of the premises and acted as trustees until March 1, 1904; that Susan Keister and Julius Keister are both deceased; that John L. Keister, Emma McDermot, Peter W. Keister, J. Norman Keister, Arthur G. Keister and Frank Keister, who are all of the children of Julius and Matilda Keister, are living and are over twenty-one years of age, and that Matilda Keister is still living and unmarried.

The bill further sets out that after the death of Susan Keister and Julius Keister, Matilda Keister, by warranty

deed, conveyed all her interest in the said land in section 28
to one Edward A. Hanes and all her interest in said land in
section 27 to one W. Frank Godwin; that each of the said
six children above named, except Frank A. Keister, by war-
ranty deeds conveyed to said Hanes an undivided one-sixth
interest in the said land in section 28, and three of said chil-
dren each conveyed to Hanes an undivided one-sixth inter-
est in the land in section 27, the remaining three children
conveying all their interest in the land in section 27 to God-
win; that afterwards Hanes, by warranty deed, conveyed
to complainant, Joseph M. Brownback, who is the appellant
here, an undivided five-sixths interest in the land in section
28 and an undivided one-half interest in the land in section
27, John F. Keister and Jacob S. Keller, as trustees under
the will of Peter Keister, and individually, conveyed to the
complainant an undivided five-sixths interest in the land in
section 28 and an undivided one-half interest in the land in
section 27, and Frank A. Keister conveyed to complainant
an undivided one-sixth interest in the land in section 28;
that at the time of making the several conveyances above
mentioned, each of said children, respectively, executed a
bond to the purchaser of his or her interest, conditioned upon
the execution and delivery of a quit-claim deed to such pur-
chaser for the premises at the termination of the trust created
by the will of Peter Keister, deceased.

The bill avers that by reason of the conveyances above
set out the complainant became vested with the fee simple
title in and to the land in section 28 and in and to an undi-
vided one-half of the land in section 27, and entitled to the
possession, rents, issues and profits thereof; that Peter W.
Keister is in possession of the land in section 28 and James I.
Keller is in possession of the land in section 27, and that
both refuse to attorn to complainant or to recognize him as
the owner of said land; that the said six children claim that
the fee to the premises does not become vested in them until
the happening of four contingencies, namely: the death of

Susan Keister; the death of Julius Keister; the death or re-marriage of Matilda Keister; the arrival at legal age of all of said children; and that inasmuch as only three of those contingencies have happened, said fee simple title has not become vested and will not become vested in them until the death or re-marriage of Matilda Keister, but that the complainant avers and insists that by reason of the conveyances by Matilda Keister to Hanes and to Godwin of all her right, title and interest in said premises, the remainder in fee thereby became accelerated and all her interest became merged in the fee, and that the fee thus vested in Hanes passed to complainant by the conveyance of Hanes to him.

The bill sets up various defects in the title to the premises, which existed prior to the ownership of Peter Keister, and avers that they are clouds upon the title of complainant. The prayer of the bill is that the court remove the clouds from the title; correct and reform certain defective conveyances specifically mentioned in the bill; construe the will of Peter Keister, deceased, and the trust thereby created; decree that complainant has an absolute fee simple title in and to all the said land in section 28 and in and to an undivided one-half interest in the said land in section 27; declare the trust created by the will of Peter Keister terminated; decree that complainant is entitled to the possession of the premises last mentioned and entitled to collect the rents and profits thereof; that all defendants be barred from claiming any right, title or interest in and to the premises, and for general relief.

After the demurrer to the bill, which had been interposed by Matilda Keister and her six children above mentioned, had been sustained, appellant moved the court for leave to file a supplemental bill setting up the fact that since the commencement of this suit he had obtained possession of the premises and that the same are now in his possession. His motion was overruled and leave denied.

The errors assigned are the action of the court in sustaining the demurrer and dismissing the bill for want of equity, and in refusing leave to complainant to file the supplemental bill.

HUGH CREA, and HUGH W. HOUSUM, for appellant:

Estates created by will will be regarded as vested rather than contingent, unless a contrary intention is apparent. *Boatman* v. *Boatman,* 198 Ill. 414; *Clark* v. *Shawen,* 190 id. 47; *Harvard College* v. *Balch,* 171 id. 275; *Strode* v. *McCormick,* 158 id. 148.

A remainder is vested if, by words of express limitation, it is to take effect on the determination of a preceding particular estate and the person to take it is in being and ascertained. *Harvard College* v. *Balch,* 171 Ill. 275.

The doctrine of acceleration as announced by the Supreme Court is: If there be a gift to A for life and to B in remainder, the estate in remainder takes effect from and after the determination of the particular estate, whether that estate be determined by revocation, death, incapacity of the devisee to take or by his refusal to take, or by any other circumstance, the remainder being only postponed in order that the life estate may be given to A. *Blatchford* v. *Newberry,* 99 Ill. 11; *Dee* v. *Dee,* 212 id. 355; *Billings* v. *People,* 189 id. 475; *Mills* v. *Newberry,* 112 id. 130; *Slocum* v. *Hagaman,* 176 id. 539.

Where two estates of different quality are conveyed to one person the lesser estate becomes merged in the greater. *Field* v. *Peeples,* 180 Ill. 382; *Curtis* v. *Hollenbeck,* 92 Ill. App. 34; *Talcott* v. *Draper,* 61 Ill. 56.

FINN & MCINTOSH, for appellees:

A contingent remainder is where the estate in remainder is limited to take effect to a dubious and uncertain person or upon a dubious or uncertain event, so that the particular estate may chance to be determined and the remainder never

take effect. *Chapin* v. *Crow,* 147 Ill. 219; *Kingman* v. *Harmon,* 131 id. 173; *Williams* v. *Esten,* 179 id. 267; *Haward* v. *Peavey,* 128 id. 430; *Strode* v. *McCormick,* 158 id. 142; *Bates* v. *Gillett,* 132 id. 287; *Furnish* v. *Rogers,* 154 id. 569.

The doctrine of acceleration does not apply to contingent remainders. Theobald on Const. of Wills, 450; *Gerry* v. *Hadley,* 1 Ch. Div. 653; *Carrick* v. *Errington,* 2 P. Wms. 361; *Augustus* v. *Seabolt,* 3 Metc. (Ky.) 156.

A party who desires to file an amended pleading should prepare it and submit it to the court. He is not entitled, as of right, to an order giving him leave, in advance, to file it before it has been drafted. *McFarland* v. *Claypool,* 128 Ill. 397; *Wolverton* v. *Taylor & Co.* 157 id. 495.

There are only two cases in which a party may file a bill to quiet title or remove a cloud: First, when he is in possession; and second, when he claims to be the owner and the lands in controversy are unimproved and unoccupied. *Gage* v. *Abbott,* 99 Ill. 366; *Lundy* v. *Lundy,* 131 id. 138; *Gage* v. *Curtis,* 122 id. 520.

Mr. JUSTICE SCOTT delivered the opinion of the court:

By the terms of the fifth item of the will of Peter Keister a particular estate was carved out of the fee, to continue until the death of Susan Keister and Julius Keister, and the death or re-marriage of Matilda Keister, and the arrival at legal age of all the grandchildren of the testator named in the will. Upon the happening of these contingencies the particular estate was to determine, and the remainder to go to such of the grandchildren, being children of Julius Keister and Matilda Keister, as should be then living and the descendants of such as should be then dead, share and share alike, the descendants of any deceased child to take the share that their parent would have been entitled to had such parent survived the termination of the particular estate.

The first question which arises upon this record is whether the remainder was vested or contingent.

"A contingent remainder is one limited to take effect to a dubious and uncertain person or upon a dubious and uncertain event.—2 Blackstone's Com. 168." *Thompson* v. *Adams,* 205 Ill. 552.

Here the events upon the happening of which the particular estate shall determine and the remainder take effect are certain, and all must occur, in the natural course of events, at some time, (unless, indeed, all the children of Julius and Matilda Keister should have died without reaching the age of twenty-one.) The remainder, however, is limited to dubious and uncertain persons. It cannot be ascertained until the termination of the particular estate what persons will come within the description of the remainder-men, as contained in the will. It is not similar to a remainder limited to a class, where the remainder vests in the persons belonging to such class *in esse* at the death of the testator, subject to open and let in any persons thereafter born, prior to the termination of the particular estate, who shall answer to the description of members of that class. In such case the remainder vests in the members of such class who are *in esse* at the death of the testator. It is definitely ascertained at that time that they or their heirs shall come into possession of some interest in the remainder at the termination of the particular estate, although the exact quantity of such interest cannot be ascertained until the termination of the particular estate. But in the case at bar, by the express terms of the will, if any of the grandchildren, who are children of Julius Keister and Matilda Keister, shall die before the termination of the particular estate, then his or her interest shall go to his or her descendants,—not as heirs of the deceased grandchild, but as devisees of the testator. The heirs of the grandchild so dying before the termination of the particular estate can in no event inherit any interest from such deceased person, because the interest has been, by the provisions of the will, transferred to another person upon the death of such grandchild.

In the will involved in the case of *Ruddell* v. *Wren,* 208 Ill. 508, the testator had given a life estate to his daughter, Elnora Alice Alkire, and had disposed of the remainder, so far as is necessary here to be shown, as follows: "And in case my said daughter shall die without leaving any child or children, then and in that event I give, devise and bequeath in equal parts, share and share alike, all my real and personal estate to my brothers and sisters, and in case any one or more or all of them shall be dead at the time of the death of my said daughter, then the share of such deceased brother or sister shall go to and be equally divided among his or her children, share and share alike." In discussing the question whether the remainder to the brothers and sisters was vested or contingent, this court said (p. 515):

"The remainder, which is devised to take effect upon the death of the life tenant, Elnora Alice Alkire, without leaving any child or children, is to dubious and uncertain persons. If the brothers and sisters of the testator, who were alive when he died, survive the life tenant, Elnora Alice Alkire, she leaving no child or children, they become entitled to the estate; but their title is conditional upon their being alive at the time of Elnora's decease. If either one of the brothers and sisters is dead at the time of the decease of the life tenant, his or her share is to go to his or her children. As it is uncertain whether either one or more of the brothers and sisters of the testator will die before the death of the life tenant, it is uncertain whether the shares of the brothers and sisters will belong to them, or to such children of theirs as may be alive when the life tenant dies."

We think the reasoning of the court just quoted is decisive of the question presented in the case at bar, and that the remainder to the six grandchildren is a contingent one. The particular estate has not yet terminated because one of the contingencies, viz., the death or re-marriage of Matilda Keister, has not yet occurred.

It is insisted, however, that inasmuch as appellant has, by *mesne* and direct conveyances, obtained the interest of Matilda Keister and the interest of the six grandchildren of the testator in the land, the particular estate has been merged in the fee and has become extinct.

The interest which appellant acquired from the grandchildren was only such interest as they had at the time they executed deeds of conveyance. That interest was a contingent remainder. "In order to effect a merger there must be at least two estates in the same property which have vested in the same person." (*Clark* v. *Glos,* 180 Ill. 556.) The remainder has not vested in the appellant, therefore there has been no merger.

Neither was the remainder accelerated by the conveyance of Matilda Keister of her interest. *Cummings* v. *Hamilton,* (*ante,* p. 480.)

It is urged that the court should have retained jurisdiction of the bill in order to remove the clouds from the title, which are alleged to exist.

It appears from the bill that some of the defendants are in possession of the land. The law is well settled that a court of equity is without jurisdiction to hear and determine a bill to remove a cloud from title, where the lands are in the possession of the defendants, unless some other ground of equitable cognizance appears from the bill and is established upon the hearing. (*Toledo, St. Louis and New Orleans Railroad Co.* v. *St. Louis and Ohio River Railroad Co.* 208 Ill. 623; *McConnell* v. *Pierce,* 210 id. 627.) In this case no other matters of equitable cognizance could have been established upon the hearing, because the bill itself showed that complainant was not entitled to any relief on the other grounds set up by the bill. The court was therefore without jurisdiction to entertain that portion of the bill seeking to have clouds removed from the title.

It is also assigned as error that the court refused to permit appellant to file a supplemental bill setting up that since

the commencement of this suit he had obtained possession of the real estate here involved. This was not error for the reason that the original bill failed to show any ground for relief, and it, therefore, could not be aided by a supplemental bill setting up matters that had arisen since the filing of the original bill. 15 Ency. of Pl. & Pr. 15; *Fahs* v. *Roberts,* 54 Ill. 192; *Miller* v. *Cook,* 135 id. 190; *Hughes* v. *Carne,* 135 id. 519.

The decree of the circuit court will be affirmed.

*Decree affirmed.*