JULIA LANGGUTH, Defendant in Error, *vs.* THE VILLAGE OF GLENCOE, Plaintiff in Error.

*Opinion filed February 23, 1912—Rehearing denied April 3, 1912.*

1. LIMITATIONS—*when amended declaration does not allege a new cause of action.* Where the date of the injury sustained by the plaintiff is laid under a *videlicet* as on June 14, 1906, an amendment changing such date to 1907, to correspond with the fact, does not amount to the statement of a new cause of action.

2. MUNICIPAL CORPORATIONS—*notice of a personal injury must be filed before suit is brought.* In the case of a personal injury alleged to be due to the negligence of a municipal corporation, the filing of the notice required by the statute is an essential element of the plaintiff's case which must be alleged and proved, and it is therefore necessary that such notice be filed before suit is begun.

FARMER, J., dissenting.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding.

MORTON T. CULVER, (ALBERT O. OLSON, Village Attorney, of counsel,) for plaintiff in error.

MYER S. EMRICH, for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced by Julia Langguth in the superior court of Cook county, against the village of Glencoe, to recover damages for an injury to her person caused by a fall upon one of the sidewalks of said village which it was alleged the village negligently suffered and permitted to be out of repair. The general issue was filed, and a trial resulted in a verdict and judgment in favor of the plaintiff for the sum of $1500, which was affirmed by the Appellate Court for the First District, and the record has been brought to this court for further review by writ of *certiorari.*

The accident occurred on June 14, 1907; action was commenced by filing *præcipe* on August 13, 1907; summons was served November 2, 1907; declaration was filed December 27, 1907, and it was averred therein that the accident occurred on June 14, 1906, and the notices required by paragraphs 6 and 7 of chapter 70 (Hurd's Stat. 1909, p. 1247,) were filed in the office of the village attorney December 10, 1907, and in the office of the village clerk December 13, 1907. The trial commenced October 1, 1908, when it was discovered that the date of the accident was averred to have occurred on June 14, 1906, instead of on June 14, 1907. On motion of the plaintiff the declaration was amended to correspond with the facts, when the defendant filed a plea of the Statute of Limitations, averring the cause of action had occurred more than one year prior to the filing of the amended declaration, to which plea the court sustained a demurrer. The action of the court in sustaining the demurrer to the plea of the Statute of Limitations is assigned as error. The date, June 14, 1906, was laid under a *videlicet.* We do not think the amended declaration stated a new cause of action. The court, therefore, did not err in sustaining the demurrer to the plea setting up the Statute of Limitations.

It appears from the record that the notices required by the statute to be filed in the offices of the village attorney and the village clerk were filed after the action was commenced, and it is insisted by the appellant that when that fact was made to appear the court erred in not dismissing the cause of action. The statute referred to reads as follows:

"Sec. 1. No suit or action at law shall be brought or commenced in any court within this State for damages against any incorporated city, village or town by any person for an injury to his person unless such suit or action be commenced within one year from the time such injury was received or the cause of action accrued.

"Sec. 2. Any person who is about to bring any action or suit at law in any court against any incorporated city, village or town for damages on account of any personal injury shall, within six months from the date of injury, or when the cause of action accrued, either by himself, agent or attorney, file in the office of the city attorney (if there is a city attorney, and also in the office of the city clerk) a statement in writing, signed by such person, his agent or attorney, giving the name of the person to whom such cause of action has accrued, the name and residence of person injured, the date and about the hour of the accident, the place or location where such accident occurred and the name and address of the attending physician (if any.)

"Sec. 3. If the notice provided for by section 2 of this act shall not be filed as provided in said section 2, then any such suit brought against any such city shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further suing."

We think the intent of the legislature as expressed in the statute above referred to, clearly was that the notices referred to therein should be filed before suit was commenced. Section 2 states any person who is about to bring

an action or suit at law in any court against any incorporated city, village or town for damages on account of any personal injury shall file notices, etc., clearly indicating that before suit was brought the notices should be filed, and such, we think, is the holding of this court in the cases wherever the sections of said statute have been before this court. In *Erford* v. *City of Peoria,* 229 Ill. 546, the notices were not filed, and this court said: "Statutes of this character are mandatory and the giving of the notice is a condition precedent to the right to bring such suit, and the giving of the notice must be averred and proved by the plaintiff to avoid a dismissal of his suit." In *Walters* v. *City of Ottawa,* 240 Ill. 259, the notices had been filed but the declaration failed to aver that fact. After one year the plaintiff attempted to cure the defect by an amendment averring notice. The trial court permitted the amendment and sustained a demurrer to a plea of the Statute of Limitations. This court held, however, that the original declaration stated no cause of action, and that the defect could not be cured by amendment after the Statute of Limitations had run. The court, on page 262 of the opinion, said: "Did the original declaration state a cause of action? It stated facts which would have enabled the plaintiff to maintain an action before the passage of the statute referred to. But this legislation has added a new element to those required to make a city liable to an action of this kind. It is not enough now, as it formerly was, that the city has been negligent in the maintenance of its sidewalk, and the plaintiff, while exercising due care, has been injured in consequence of such negligence. The giving of the notices required by the statute has been made a condition precedent to the city's liability and constitutes an essential element of the plaintiff's cause of action." And in *Ouimette* v. *City of Chicago,* 242 Ill. 501, the day of the month when the accident occurred was stated in the notices as November 10 while the evidence showed the accident

occurred on October 10, and it was held there could be no recovery.

If the notices required by statute constitute one of the elements of the plaintiff's cause of action which must be averred and proved before a recovery can be had, that element must exist at the time the action is brought, as the plaintiff clearly cannot recover upon a cause of action one element of which had no existence when he brought suit but which has been brought into existence since the suit was commenced by the action of the plaintiff. We think, therefore, it is plain that as the notices required by the statute had not been filed at the time this suit was commenced there can be no recovery in this case.

The judgments of the superior and Appellate Courts will be reversed and the cause remanded.

*Reversed and remanded.*

Mr. JUSTICE FARMER, dissenting:

In my judgment neither the letter nor the spirit of the statute considered in this case warrants the construction given it by the court. Assuming it to be competent for the legislature to make giving notice a condition precedent to the right to begin an action, it has not done so by the statute under consideration. The act requires notice to be given within six months from the date of the injury and suit to be commenced within one year. The obvious purpose of the notice of the injury and claim for damages is to enable the municipality to investigate the validity and good faith of the claim before being called upon to defend against it upon the trial, and section 3 provides that unless it is given within the time required the suit shall be dismissed and the action be forever barred. This court has held the giving of the notice must be averred in the declaration, but whether it is necessary that the notice be given before filing a *præcipe* and suing out a summons has not been heretofore presented for decision. This question was

not involved in *Erford* v. *City of Peoria,* 229 Ill. 546, or in *Walters* v. *City of Ottawa,* 240 id. 259. In the *Erford case* no notice was ever given the city. In the *Walters case* it was held filing the statement or notice required by section 2 is essential to the right to maintain the suit; that a declaration which failed to aver compliance with the statute did not state a cause of action, and that a plea of the Statute of Limitations to an amended declaration filed more than one year after the injury occurred was a good plea. I was not in harmony with that decision, but conceding it was correct it should not control the decision in this case, as the question now before us was not then involved. The only justification for a decision productive of the unjust consequences that result from this decision would be the imperative language of the statute. I find no language in the statute that in my judgment warrants the construction given it. The principles of justice do not warrant it, for no possible prejudice or injury could have resulted to the city from filing the *præcipe* before the claim and notice were filed. As the plaintiff recovered a judgment in the trial court, which was affirmed by the Appellate Court, it is a fair presumption that she had a meritorious cause of action. This, however, is lost to her, not because she failed to give notice within the time required or failed to aver giving the notice in her declaration filed within one year, but because she filed a *præcipe* and had summons issued before filing the claim and notice. Every benefit that could accrue to defendant from being notified of the claim within six months was just as available to it as would have been the case if the *præcipe* had not been filed until after the notice was given, and it seems to me the harsh and strict construction given the statute was not required by the language of the act.