CHICAGO—FIRST DISTRICT—MARCH, 1914.        239

Harkin v. Ferro Concrete Const. Co. et al., 185 Ill. App. 239.

**Daniel V. Harkin, Administrator, Appellant, v. Ferro Concrete Construction Company and Great Lakes Dredge & Dock Company, Appellees.**

**Gen. No. 18,877.**

1. ABATEMENT AND REVIVAL, § 2*—*when action for personal injuries survives.* Prior to the Act of 1872, R. S. ch. 3, § 123, J. & A. ¶ 172, an action for damages for personal injuries abated with the death of the injured party in all cases where death was not caused by the injury, but since the passage of that act, if the injured party dies from a cause other than the injury, the action for the injury to his person survives to his personal representative.

2. ACTION, § 37*—*when amendment of declaration sets up different cause of action.* Where a person commenced a suit to recover for personal injuries and died pending the hearing and after his death was suggested and his administrator substituted as a party plaintiff the administrator was permitted to amend the declaration, and it appeared from the amended declaration that plaintiff's intestate died as a result of his injuries and that recovery was sought for the benefit of his widow and next of kin, *held* that the declaration as amended set up a new and different cause of action from that disclosed in the original declaration, and that it was properly stricken from the files.

3. PLEADING, § 258*—*when must relate to time action is commenced.* It is a fundamental principle that all pleadings in a suit must primarily relate to the time when the action was commenced and must be based on facts and causes of action as they existed then.

Appeal from the Superior Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed March 5, 1914.

**Statement by the Court.** On April 1, 1910, Paul Schmidt commenced an action in the Superior Court of Cook county against appellees, defendants below, to recover damages for personal injuries sustained by him on March 3, 1910, occasioned by the negligence of said defendants. The original declaration consisted of two counts, filed April 22, 1910, and to this declaration the defendants on May 2nd and May 3rd filed several de-

240    APPELLATE COURTS OF ILLINOIS.

Harkin v. Ferro Concrete Const. Co. et al., 185 Ill. App. 239.

murrers. On May 30th Schmidt died, and on June 16th his death was suggested and Daniel V. Harkin, as administrator, was substituted as plaintiff. Subsequently, the said demurrers of the defendants to the original declaration were sustained, and on October 19th the plaintiff was given leave to make certain individuals, doing business as Carson, Pirie, Scott & Company, additional defendants and to file an amended declaration within ten days. To the entry of this order the original defendants objected and they were given fifteen days within which to file a bill of exceptions. From this bill of exceptions, signed and filed on November 2nd, it appears that each of the original defendants objected to the entry of the order of October 19th, on the ground that no showing had been made that the proposed amendment was to enable the plaintiff to sustain the action for the claim for which it was intended to be brought, or that the proposed amendment would set forth a cause of action maintainable against each of the original defendants, and on the further ground that it did not appear that said amended declaration would be based upon a cause of action in existence at the time of the commencement of this suit against the original defendants, but that the court overruled said objections and the original defendants excepted.

On October 28, 1910, in pursuance of the leave granted on October 19th, plaintiff filed a "declaration" against the two original defendants and said individuals, doing business as Carson, Pirie, Scott & Company, in which it was alleged that plaintiff's intestate, in his lifetime, on March 3, 1910, was injured through the negligence of said original defendants and said individuals, that on May 30, 1910, "plaintiff's intestate died as a result of his said injuries received as aforesaid," leaving him surviving a widow and a son, his only heirs at law and next of kin, and that by reason of the death of plaintiff's intestate "said wife and child have been deprived of their means of support and of

large sums of money,'' etc., and have been damaged, etc. On November 21, 1910, said additional defendants, doing business as Carson, Pirie, Scott & Company, entered their special appearance for the purpose of moving (a) to set aside the order entered October 19th, (b) to strike the amended declaration from the files, and (c) to dismiss the suit as to them. On October 18, 1911, these motions were overruled and said additional defendants were ruled to plead, which they did. They also filed a bill of exceptions, signed by a judge of said court, embodying their motions, the proceedings thereon, the overruling of their motions and their exceptions to the rulings of the court. It is stated by plaintiff's counsel in their brief here filed that on October 21, 1912,. the cause was dismissed as to the said additional defendants, but that fact does not appear in the transcript of the record before us.

It does not appear that a rule was ever taken on the original defendants to plead to the declaration filed October 28, 1910, but on April 11, 1912, the two original defendants severally moved the court to strike from the files ''the document called a declaration, filed October 28, 1910,'' and to set aside and vacate the order entered October 19, 1910, so far as it gave plaintiff leave to file an amended declaration against the two original defendants. The court sustained these motions, and struck from the files said declaration and modified the order of October 19, 1910, to the extent requested. It does not appear that plaintiff at any time filed any bill of exceptions embodying any proceedings had, or evidence heard, or exceptions taken, in connection with the said motions of the defendants so sustained by the court. It does, however, appear that on July 11, 1912, the order of April 11, 1912, was so amended as to contain a recital that the plaintiff excepted to the said order of the court of April 11, 1912, and also to contain a statement of plaintiff's attorneys that they ''represented and declared in open court that plaintiff's intestate, Paul Schmidt, died as a result of the injuries al-

leged in the original declaration filed herein;   *   *   *
that plaintiff would not ask leave to file any further
amended declaration but that plaintiff elected to stand
by the amended declaration, filed October 28, 1910, be-
ing the declaration which the court has hereinabove
ordered stricken from the files.'' The order of April
11, 1912, was further amended by the court entering
final judgment in favor of said original defendants
and against the plaintiff for costs of suit, to be paid
in due course of administration. To the entry of this
judgment plaintiff excepted, and seeks by this appeal
to reverse the same.

DILLARD B. BAKER and GEORGE D. WELLINGTON, for
appellant.

WINSTON, PAYNE, STRAWN & SHAW, for appellee
Ferro Concrete Construction Company.

JOHN E. KEHOE and CHARLES LEROY BROWN, for ap-
pellee Great Lakes Dredge & Dock Company.

MR. JUSTICE GRIDLEY delivered the opinion of the
court.

Counsel for plaintiff contend that the judgment is
erroneous because the court erred in striking from the
files the declaration filed October 28, 1910, and the ar-
gument is that this should not have been done for the
reason that the declaration did not set up a new and
different cause of action from that disclosed in the
declaration filed April 22, 1910; that inasmuch as Paul
Schmidt died as a result of the injuries the cause of
action is the same after his death as it was before his
death; and that where the cause of action is the same,
amendments pertaining thereto are properly allowed.

Counsel for defendants contend (1) that the order
of the court striking said declaration from the files can-
not here be reviewed because no bill of exceptions was
filed by plaintiff, although there is a recital in the
clerk's transcript that plaintiff excepted to the order;
and (2) that the court did not err in striking said dec-
laration from the files because the suit, as originally
commenced, was a common law action to recover dam-

ages for personal injuries, and subsequently Schmidt died as a result of those injuries, and the action could not afterwards be changed into a statutory action for the benefit of the widow and next of kin of Schmidt, the cause or right of which statutory action was not in existence at the time of the beginning of the suit.

From the view we take of the second of the above contentions of counsel for the defendants it will be unnecessary for us to pass upon the first.

"One who suffers an injury to his person as a consequence of the wrongful or negligent act of another has a right of action for the damages resulting from such injury without the aid of any statute but by a right which existed at common law. His action is *for the personal injury,* and he may recover for pain and suffering, physical and mental, for expenses of medical treatment and attendance, and permanent effects upon his person reasonably certain to result." (*Prouty v. City of Chicago,* 250 Ill. 222, 226.) "The common law rule was, that actions merely personal, arising *ex delicto,* died with the person, and did not survive to the representatives." (*Holton v. Daly,* 106 Ill. 131, 136; *Ohnesorge v. Chicago City Ry. Co.,* 259 Ill. 424, 429.) But our General Assembly passed an act on February 12, 1853 (sections 1, 2, ch. 70, Rev. St. J. & A. ¶¶ 6184, 6185), entitled "An act requiring compensation for causing death by wrongful act, neglect or default," which provided, in substance, that whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, the person or company or corporation which would have been liable if death had not ensued shall be liable to an action for damages resulting to the widow and next of kin from his death. And in the act in regard to the administration of estates, passed in 1872, it was provided by our General Assembly (section 123, ch. 3, J. & A. ¶ 172) that: "In addition to the

244       Appellate Courts of Illinois.

Harkin v. Ferro Concrete Const. Co. et al., 185 Ill. App. 239.

actions which survive by the common law, the following shall also survive: Actions of replevin, actions to recover damages for an injury to the person (except slander and libel)," etc.

It has been held that "prior to the Survival act of 1872 it was the law of this State that an action for damages for personal injury abated with the death of the injured party in all cases where the death was *not* the result of the injury"; (*Ohnesorge v. Chicago City Ry. Co., supra*) and that since the passage of said Survival act, if the injured person "dies from *some other cause* than the injury the action for the *injury to his person* survives to his personal representative, who may recover damages for the *personal injury.*" (*Prouty v. City of Chicago, supra; Holton v. Daly, supra; Chicago & E. I. R. Co. v. O'Connor,* 119 Ill. 586, 594.)

It appears from the original declaration of Paul Schmidt in this case, filed April 22, 1910, that he sought to recover damages from the defendants for injuries received by him on March 3, 1910, and, therefore, when on June 16, 1910, his administrator came into court and suggested his death, it was proper for the court to enter the order substituting said administrator as party plaintiff. (Section 10, ch. 1, Rev. St. J. & A. ¶ 10.) It did not then appear of record whether Schmidt had died from the effects of the injury received on March 3, 1910, or from some other cause. When, however, said administrator filed, on October 28, 1910, a declaration, in which it was stated that "plaintiff's intestate died as a result of his said injuries as aforesaid," and it appeared from the allegations of the declaration that the administrator sought to recover, for the exclusive benefit of the widow and next of kin of Schmidt, compensation for the pecuniary injuries sustained by said widow and next of kin resulting from the death of Schmidt, a new and different cause of action from that originally prosecuted, and one which

had arisen since the commencement of the suit, was, in our opinion, disclosed.

In the *Prouty* case, *supra,* it was decided that the *right of action* given by the statute of 1853 to the administrator of a person whose death has resulted from the wrongful act or neglect of another, to recover for the pecuniary loss to the widow and next of kin, is *not* an action for a personal injury. In the opinion of the Court (250 Ill. p. 127) it is said (italics ours):

"If an injured person survives and brings a suit for the personal injury and afterwards dies from its effects the action *does not survive but abates,* and a different *right of action* is substituted based upon a statute. That is the *right* of personal representatives of a deceased person *to bring a suit* and recover the pecuniary injuries to the widow and next of kin occasioned by his death, and that right exists in this State by virtue of the act of 1853.   *   *   *   We are asked to say that a suit of that kind is the same as a suit by a living person for damages sustained on account of an injury to his person, but it seems to us that it would require a perversion and change of language to reach such a conclusion."

In our opinion, one of the essential elements of the cause of action as set out in the declaration filed in this case on October 28, 1910, was the allegation of the *death* of plaintiff's intestate "as a result of his said injuries received as aforesaid," and it therein appeared that the death occurred on May 30, 1910,—nearly two months after the suit was commenced. "It is a fundamental principle that all pleadings in a suit must primarily relate to the time when the action was commenced and must be based on facts and causes of action as they existed then" (31 Cyc. 391). In *Langguth v. Village of Glencoe,* 253 Ill. 505, 509, it is said: "If the notices required by statute constitute one of the elements of the plaintiff's cause of action,   *   *   *   that element must exist at the time the action is brought, as the plaintiff clearly cannot recover upon a cause of action one element of which   *   *   *   has

been brought into existence since the suit was commenced * * *.''

In the case of *Wetherell v. Chicago City R. Co.*, 104 Ill. App. 357, Eliza A. Page brought suit to recover damages for injuries sustained by her. Subsequently her death was suggested and the executors of her estate were substituted as plaintiffs. No other than mere verbal changes were made in the original declaration. Upon the trial, at the close of all the evidence, the jury were directed to return a verdict for the defendant, and from the judgment entered upon this verdict the executors appealed. The Appellate Court reversed the judgment on the ground that the trial court should have submitted the case to the jury upon the merits and also upon the cause of death, and in its opinion said (p. 361, italics ours):

''When the injured party dies, not from or as a direct result of the injuries, the right of action continues in his representative for the benefit of his estate generally. * * * However, when the injured party dies from the injuries, an action *arises* in favor of his representative, *which requires a new suit,* for the exclusive benefit of his widow and next of kin.''

In the case of *Thomas v. Star & Crescent Milling Co.*, 104 Ill. App. 110, John C. Thomas brought suit to recover damages for injuries sustained by him on account of the alleged negligence of the milling company. After a trial resulting in a judgment for Thomas, which judgment was on appeal reversed and the cause remanded, Thomas died and his administratrix was substituted as plaintiff. Subsequently, the administratrix filed an amended declaration, which contained the identical counts filed by Thomas during his lifetime but claimed damages to his widow and next of kin for his injuries, instead of for his pain and suffering as in his original declaration. Upon the trial the Court instructed the jury to find for the defendant and judgment was entered upon that verdict, which was affirmed by the Appellate Court. In the opinion of the Court it is said (p. 113, italics ours):

"It is manifest that John C. Thomas had at no time the cause of action alleged in the declaration filed by appellant. His cause of action was for injuries sustained by and damage accruing *to him;* he might have recovered for pain and suffering by him endured; whatever had been recovered by him would have belonged to him and been assets that might have been reached by his creditors. His administratrix, in the declaration filed by her, claims only for damages accruing to his widow and next of kin *as a result of his death. Such cause of action had no existence until he died.*  *  *  * Such actions cannot be joined in one suit. The cause of action in one is not that of the other.  *  *  *  Appellant should not, upon her application, have been substituted as plaintiff and thereafter allowed to prosecute *in that suit* a cause of action which had no existence, neither accrued nor came into being, until nearly four years after that suit was begun."

In the *Ohnesorge* case, *supra,* in speaking of the act of February, 1853, our Supreme Court said (259 Ill. p. 430, italics ours): *"This statute was not a survival statute.* It did not continue to the personal representative the cause of action that the injured party had under the common law, but it created a new and independent cause of action never before that time recognized as existing in this State.  *  *  *  It was not designed by the legislature to give damages for any injury received by the deceased, but to create a cause of action in the name of the administrator for the pecuniary loss which the widow and next of kin may have sustained *by reason of the death* of the injured person." And the Court, in speaking of the Survival Act of 1872, further said:

"It was held in *Holton v. Daly, supra,* that the action *only* survived in cases where death was from some cause other than the injury. If death resulted from the injury the *only* action that could be maintained was by the personal representative under the Injuries statute of 1853. The entire separation of the two causes of action and the independence of each of the other may be illustrated by supposing that a person receives an

injury, for which suit is brought by him, a recovery had and judgment satisfied. Afterwards the injured party dies from the effect of the injury. The recovery by the deceased, in his lifetime, for the injury sustained by him, under a common law action, would not bar a suit by his personal representative for the benefit of the widow and next of kin under the statute of 1853. (*Holton v. Daly, supra.*)"

We have seen fit to refer to the above decisions of the reviewing courts of this State for the reason that counsel seeks to support his contention (viz.: that the declaration filed October 28, 1910, did not set up a new and different cause of action from that disclosed in the declaration filed by the deceased in his lifetime) by several decisions of our Supreme Court, wherein it has been held that the cause of action, under the Act of February, 1853, "is plainly the wrongful act, neglect or default causing death, and not *merely* the death itself." The cases referred to are those of *Crane v. Chicago & W. I. R. Co.,* 233 Ill. 259; *Mooney v. City of Chicago,* 239 Ill. 414; *Devine v. Healy,* 241 Ill. 34, and *Holton v. Daly, supra.* But in none of these cases was it held that the death was not an essential element of the right of action given by the Act of 1853.

Counsel for plaintiff also argue that the declaration of October 28, 1910, was properly filed in this case because of the provision of our Practice Act relative to amendments. Section 39 thereof (J. & A. ¶ 8576) provides that "amendments may be allowed on such terms as are just and reasonable, * * * in any matter either of form or substance, in any process, *pleading* or proceeding which may enable the plaintiff to sustain the action *for the claim for which it was intended to be brought* * * *.*" It seems clear to us that the declaration of October 28, 1910, in no way tended to sustain the action for the claim for which the suit was originally brought.

Our conclusion is that the court did not err in striking said declaration from the files, and, inasmuch as plaintiff's attorney stated that he would not file any

further declaration but elected to stand upon said declaration, the entry of the judgment in favor of the original defendants was proper.  Accordingly, the judgment of the Superior Court will be affirmed.

*Affirmed.*