Alfred H. Newburger and Others, Respondents, v. Jacob J. Lubell, Appellant.

First Department, May 29, 1931.

*Isaac Cohen*, for the appellant.

*Osmond K. Fraenkel* of counsel [*Goldsmith, Jackson & Brock*, attorneys], for the respondents.

O'MALLEY, J. The complaint, which is attacked for insufficiency, shows that plaintiffs are stockbrokers and the defendant one of their customers. The defendant carried with plaintiffs a trading account pursuant to an agreement in writing, which provides that any controversy arising should be determined by arbitration.

It further appears that on November 30, 1930, there was a debit balance in favor of the plaintiffs in the sum of $106,977.08; that securities carried as collateral had depreciated in value and were on December 12, 1930, worth less than the amount of such debit balance; that plaintiffs demanded additional margin and threatened to sell certain of the securities upon non-compliance; that pursuant to defendant's request plaintiffs did not sell a portion of the securities, but delivered them to a trust company against the payment of $23,580; that upon defendant's failure to furnish further margin, plaintiffs sold out other securities at specified prices and that defendant delivered certain stock against the payment of $4,600 which was credited to his account; that after giving defendant credit for certain dividends, there was a balance due in favor of the plaintiffs on the account in the sum of $48,937.23, with interest from January 2, 1931.

The complaint further alleges that the defendant has not objected to any of the transactions conducted on his behlaf by the plaintiffs, and with full knowledge of the facts has ratified and confirmed all of such transactions; that by reason of guaranties of defendant's account, executed by two of his brothers, plaintiffs applied, in partial reduction of the amount due and owing, a total sum of $34,374.26; that proceedings are now pending in this court on behalf of plaintiffs as petitioners against the brothers as respondents to compel them to submit to arbitration the controversy which they claim exists between them and the plaintiffs, and that pending the determination of such controversy plaintiffs are unable to say whether the payments which they have so applied in partial reduction of this debt to them will be confirmed; that in the event that such payments are confirmed, the balance due and owing from plaintiffs to defendant will be reduced to the sum of $14,562.97, and if not confirmed, the sum of $48,937.23 will be due.

It is expressly alleged that plaintiffs "know of no controversy between themselves and defendant;" that plaintiffs have requested defendant to advise them whether he claims that any controversy exists and, if so, to set forth the nature of the same, and to elect before which tribunal named in the agreement between them he desires to arbitrate, but that the defendant has not made any such election or claimed that any such controversy exists.

Judgment is demanded (1) declaring that no controversy exists between plaintiffs and defendant, and for the sum of $48,937.23, upon which judgment plaintiffs agree to credit any sums they may receive from either Samuel L. Lubell or Abraham P. Lubell, defendant's brothers, or in the alternative, (2) if defendant in good faith claims that any controversy exists, that such controversy be submitted to arbitration, pursuant to said agreement, and that defendant be required to elect, within a time to be fixed by the court, before which of the tribunals referred to in said agreement he desires to arbitrate, plaintiffs agreeing to arbitrate before any of the tribunals so elected.

While furnishing no reason for overruling the complaint, or refusing to assume jurisdiction, it is noteworthy that the respondents admit that the complaint is a novel one, an alleged necessity being the mother of its invention.

In effect, this is merely a complaint seeking a declaratory judgment. We are of opinion that under its allegations jurisdiction should not be assumed or retained, and that the plaintiffs should be relegated to existing forms of proceedings or actions. (Civ. Prac. Act, § 473; Rules Civ. Prac. rule 212.)

So far as arbitration is concerned, there is not shown to be existent any controversy between the parties save as might be inferred from defendant's failure to pay. If in fact there are arbitrable matters between the parties and plaintiffs desire arbitration rather than recourse to an action, they may petition for such relief. The defendant will then be compelled to disclose whether there are matters in controversy arbitrable under the agreement between the parties. If not, and plaintiffs' asserted rights are not denied, plaintiffs may proceed to action, against which defendant will be unable to interpose a defense. Such alternative redress should be first tested directly on a petition under the Arbitration Law and not circuitously as here.

Furthermore, plaintiffs have an adequate remedy at law, if arbitration is not desired by either party, or is not proper under the circumstances. To such action the guarantors might well be made parties. It does not lie in the mouth of the defendant to dispute plaintiffs' right to apply the amounts arising under his brothers'

guaranties, so far as this complaint is concerned. That matter will be decided in the arbitration proceeding pending between the plaintiffs and such guarantors, or in some appropriate action or other proceeding.

It follows, therefore, that the order appealed from should be reversed, with ten dollars costs and disbursements to the appellant, and the motion granted, with ten dollars costs.

FINCH, P. J., MERRELL, SHERMAN and TOWNLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.