S. R. Magnusen, Appellee, v. F. C. Klemp and D. N. Klemp, Co-partners, Trading as Klemp Alterations, Appellants.

Gen. No. 44,793.

NIEMEYER, J., dissenting.

Opinion filed December 19, 1949. Rehearing denied January 4, 1950. Released for publication January 5, 1950.

A. S. and E. W. FROEHLICH, both of Chicago, for appellants.

JOHN W. FAY, of Chicago, for appellee.

MR. JUSTICE FEINBERG delivered the opinion of the court.

From a decree directing an accounting, defendants prosecute this appeal.

Plaintiff filed his complaint for accounting, alleging that he entered into an oral agreement with the defendants, by which he was employed as manager of their business upon a weekly salary and 25 per cent of the profits on jobs supervised or managed by him; that the contract could be terminated at any time, provided that plaintiff was to receive his agreed compensation during the time he was so employed; that under said agreement he managed and supervised said business from 1941 to 1946 and received his weekly

salary and 25 per cent of the profits for those years, with the exception of the last six months of 1946, in which there is a balance due him; that in February 1947, plaintiff advised defendants of his desire to resign his position as manager, and that he would resign as manager before the end of the year 1947. The complaint seeks an accounting for the profits for the period in 1947 up to October 15.

The answer of defendants denied that the agreement provided that the services of plaintiff could be terminated at any time by either party, and if so terminated, plaintiff was to receive his percentage of the profits during the period of his employment, but aver that on the contrary the agreement was that the employment of plaintiff was solely upon an annual basis, which rendered his right to a share of the profits dependent upon his remaining as manager during the entire year of employment, such share of the profits being reckoned as a percentage of the net annual profits and not otherwise. The answer admits that plaintiff was paid his weekly salary plus 25 per cent of the profits of the business for each of the years 1941 to and including 1946, except that there was still due and owing to plaintiff a balance of $1,770.59 less certain credits therein set forth. The answer avers that plaintiff terminated his services on August 1, 1947, and otherwise denies that plaintiff is entitled to an accounting for any of the profits for the year 1947.

A hearing was had before the chancellor upon the complaint, answer and reply, and upon the evidence the court entered a decree finding that plaintiff is entitled to an accounting, directing among other things ''that the defendants account to the plaintiff for the unpaid balance due him of the twenty-five per centum (25%) of the net profits of the defendants' business for the year 1946, together with twenty-five per centum (25%) of the net profits of defendants' business dur-

ing the year 1947, upon work performed during the period that plaintiff worked for defendants,'' and referring the cause to a master to state the account.

It appears that the method of accounting for the years 1941 to 1946, inclusive, was to settle for the percentage of the profits due plaintiff by paying one-half July 15 of the year following and the other half January 15 next succeeding.

The principal question arising upon this appeal is whether defendants' version of the contract is correct and, if so, was plaintiff entitled to an accounting, since he voluntarily terminated his contract before the expiration of the year? On the other hand, plaintiff argues that the reasonable construction of the contract is that it was terminable at any time, and that he was entitled to his percentage of the net profits of the business for the year 1947 up to the time of the termination of his employment.

██ We have analyzed the evidence and are persuaded that the contract could be terminated by either party at any time, and that plaintiff was entitled to 25 per cent of the profits for the year 1947 up to the time of the termination of employment, and because of the nature of the business engaged in by defendants and supervised by plaintiff an accounting would be necessary as to such profits. To adopt defendants' view of the alleged contract would amount to a forfeiture on the part of plaintiff of his percentage of the profits for any part of 1947, if he were to terminate his employment even one day before the end of the year. We regard this as an unreasonable construction placed upon the evidence before us. Where the terms of the oral contract are in dispute, the finding of the chancellor should not be disturbed unless we can say it is against the manifest weight of the evidence. *Finney v. White,* 389 Ill. 374, 381.

 Defendants now urge that the reply filed to their answer did not deny the averment in the answer that plaintiff was not entitled to any profits for any year, unless he remained in his employment for the entire year claimed, and therefore the facts alleged in the answer must be accepted as true under the Practice Act. The holding in *Cienki v. Rusnak,* 398 Ill. 77, 89, is against defendants' position. It was there held where, in the absence of a reply, defendant introduces evidence to prove an affirmative defense, the failure to file a reply is waived and the absence of a reply does not constitute an admission.

 Defendants also contend that the suit was prematurely brought; that no right of action existed at the time, and therefore cannot be maintained since the amount claimed, if due plaintiff, was not payable until after the present action was filed. In support of this contention they rely upon such cases as *Hamlin, Hale & Co. v. Race,* 78 Ill. 422; *Bacon v. Schepflin,* 185 Ill. 122, and *Ginsburg v. Prudential Ins. Co.,* 294 Ill. App. 324, which were actions at law to recover money due. It was held in these cases that a plaintiff cannot recover for money not due at the institution of the suit. The rule in these cases is easily distinguished from the rule in equity cases, as was so clearly stated in *Town of Kaneville v. Meredith,* 361 Ill. 556, 569. It was there said:

"While in an action at law the rights of the parties are determined as of the time of the beginning of the action, a decree in chancery is a determination of the rights of the parties to the suit according to equity and good conscience, and where relief is granted by a decree, it is such as the nature of the case, the law and the facts demand—not at the time of the inception of the litigation but at the time the decree is entered therein."

183

*Langguth v. Village of Glencoe,* 253 Ill. 505, is not applicable because it is a common-law action and the condition precedent, requiring, under the statute, notice of the injury to the village, was not satisfied; therefore the action could not be maintained.

*Harkin v. Ferro Concrete Const. Co.,* 185 Ill. App. 239, is also a common-law action for personal injuries, where it was held that the pleadings must primarily relate to the time when the action was commenced and must be based on facts and causes of action as they existed then, which, of course, has no application to the instant case.

*Brownback v. Keister,* 220 Ill. 544, was an equity action to construe a will, to remove a cloud upon title, and to decree that complainant is entitled to possession of the premises in question. A demurrer to the bill was sustained, and leave to file a supplemental bill was denied. It was there held that plaintiff had no right of action at the time of the filing of the bill of complaint because his interest was purely a contingent remainder; that his interest was not strengthened by conveyances to him by other contingent remaindermen; and that the court did not err in refusing complainant leave to file a supplemental bill, because the original bill failed to show any ground for relief, and it could not be aided by supplemental bill upon matters arising since the filing of the original.

It is obvious to us that these cases, so readily distinguishable and relied upon, are not applicable to the instant case.

 In the instant case, as we have already pointed out, if plaintiff's version of the contract is correct, then the liability of defendants to account for the percentage of profits for the year 1947 up to the time of termination of employment, fully accrued at the end of the year and before this action was brought. The mere fact that the payment was not to be made until

later does not militate against such duty to account and comes clearly within the doctrine of *Town of Kaneville v. Meredith, supra,* that when the final decree upon the accounting is entered, the amount owing, if any, would be fully due.

We think the chancellor was correct in directing an accounting as provided in said decree. The decree is affirmed.

*Affirmed.*

TUOHY, P. J. concurs.

NIEMEYER, J., dissents. June 1, 1948, plaintiff filed his complaint in equity seeking a judgment for $4,060.64, the balance due on profits for 1946, and an accounting as to profits for 1947 alleged to be payable on July 15, 1948 and January 15, 1949. Defendants moved to strike the complaint. Before the court ruled on the motion, plaintiff filed an amended complaint asking the same relief as in the original complaint. Defendants moved to strike the amended complaint, asserting that as to the balance of the 1946 profits plaintiff had a complete and adequate remedy at law, and that in respect to the profits for 1947 "no cause of action had arisen or accrued on or prior to the date of the filing of the original complaint." The motion to strike was sustained. October 19, 1948, plaintiff filed a second amended complaint. In addition to the relief sought in the original and amended complaints he asked that a declaratory judgment be entered as to all "profits which are to become due in the future." Defendants answered denying plaintiff's right to any relief and averring that as to the unpaid balance of profits for 1946, plaintiff had a complete and adequate remedy at law and "that the original complaint herein was filed on June 1, 1948 before any portion of profits for the year 1947 would have become payable even if plaintiff had a just claim therefor." After trial by the court a

185

coercive, not a declaratory, decree was entered directing a reference to the master in chancery for an accounting as to the unpaid balance of profits for 1946 and ''twenty-five per centum (25%) of the net profits of defendants' business during the year 1947, upon work performed during the period that plaintiff worked for defendants.''

The entry of this decree was a denial of plaintiff's prayer for a declaratory judgment. In this action of the court plaintiff has acquiesced. Moreover, the denial was proper because plaintiff's first application for a declaratory judgment was made October 19, 1948, after his cause of action, if any, as to the first instalment on account of 1947 profits had accrued, and a coercive judgment or decree could have been obtained in an appropriate action. This judgment or decree would have been *res judicata* of plaintiff's rights to the second instalment. He was not entitled to a declaratory judgment. *Newburger v. Lubell,* 232 App. Div. 501, 250 N. Y. S. 363, aff'd 257 N. Y. 383; *Sterrett's Estate,* 300 Pa. 116; *Georgia Industrial Realty Co. v. City of Chattanooga,* 163 Tenn. 435. On appeal, as in the trial court, defendants contend that no relief can be granted in respect to the 1947 profits because the suit was prematurely brought, and that a court of equity has no jurisdiction of plaintiff's claim to the unpaid balance of the 1946 profits because plaintiff has a complete and adequate remedy at law. Plaintiff does not contend that any part of the 1947 profits was payable before July 15, 1948—six weeks after the filing of the original complaint. As said in *Bacon v. Schepflin,* 185 Ill. 122:

''No rule is better established than that a plaintiff cannot recover for money not due at the institution of the suit. (*Hamlin, Hale & Co. v. Race,* 78 Ill. 422, and cases there referred to.) It would seem to follow from the rule, that the cause of action must be in

existence when suit is brought, that the defense of non-maturity of the debt at the beginning of the suit can be pleaded as a bar thereto . . . ."

See *Langguth v. Village of Glencoe,* 253 Ill. 505; *Harkin v. Ferro Concrete Const. Co.,* 185 Ill. App. 239. Plaintiff's case is not aided by the provision of the Civil Practice Act (sec. 39) [Ill. Rev. Stat. 1947, ch. 110, par. 163; Jones Ill. Stats. Ann. 104.039] or the established chancery practice permitting supplemental pleadings. When for any reason no right of action exists at the time a complaint in chancery is filed, no act or event happening thereafter can vest the plaintiff with a right of action as of that date. *Dillon v. Elmore,* 361 Ill. 356, 371; *Brownback v. Keister,* 220 Ill. 544, 554; *Hughes v. Carne,* 135 Ill. 519; *Miller v. Cook,* 135 Ill. 190.

The rule of anticipatory breach of contracts urged by plaintiff has no application. His case is based on the theory that he had fully performed his obligations under the contract and nothing remained to be done except payment by defendants of plaintiff's share of the 1947 profits. *Henson v. Neumann,* 286 Ill. App. 197, cited by plaintiff, does not sustain his position. In that case relief on the theory of an anticipatory breach of a contract to devise property was denied as a matter of law and of fact. The court cited 13 C. J., sec. 728, page 655, and quoted from Restatement of the Law of Contracts, sec. 318 e, as follows:

"The doctrine of anticipatory breach is not extended to unilateral contracts unless the promisor's duty is conditional on some future performance by the promisee. It is immaterial whether the contract was originally thus unconditionally unilateral or has become so by the performance of one party. In neither case can a breach arise before the time fixed in the contract for some performance."

See 12 Am. Jur., Contracts, secs. 394–399. In the latter section the author says,

"Actual injury, and not anticipated injury, is the ground of legal recovery. The plaintiff's rights are invaded by repudiation of the contract only when it produces the effect of nonperformance or prevents him from entering upon or completing performance on his part, at a time when and in the manner in which he is entitled to perform it or to have it performed."

The court erred in granting relief in respect to the 1947 profits.

There is no need, or prayer, for an accounting as to the 1946 profits. In the second amended complaint plaintiff alleged "That there remains a balance due plaintiff of $4,060.64 . . . which is the balance due him for profits up to the end of 1946," and, as heretofore stated, asks judgment for that sum. There is therefore an account stated as to these profits and plaintiff has a complete and adequate remedy at law as to them. A court of equity has no jurisdiction and the parties cannot confer jurisdiction on it. *Allen v. Illinois Mineral Co.*, 299 Ill. App. 537.

The decree should be reversed. Consideration of the merits of plaintiff's claim is a matter for the court in which proper action may be brought.